HARRY HAAG, Appellant, v. I. J. COHEN, Respondent.

Kansas City Court of Appeals, April 4, 1921.

1. APPEAL AND ERROR: New Trial: Granting Thereof Without Specifying Ground will be Sustained, if Proper, upon any Ground Set Out in Motion. An order granting a new trial which did not specify grounds thereof will be sustained if new trial should have been granted upon any ground set forth in motion.

2. ———: ———: Order Granting New Trial Reviewed Where Ground is Error of Law, but not if Granted in the Exercise of the Trial Court's Discretion. Appellate court will not interfere with the action of a trial court in granting a new trial, where it exercises a pure discretion, as, for instance, on the ground of the weight of the evidence, but where ground is a judicial one, an error of law, as giving or refusing an instruction, the appellate court will review the action of trial court in granting new trial,

3. PLEADING: Negligence: Allegation that Wagon was Negligently Backed into Automobile, Without Warning, Sufficient to Sustain Verdict, when Supported by Proof. Where plaintiff charged neg-

ligence of defendant, his agents, servants and employees, in that, the wagon of defendant was suddenly and without warning whatsoever, carelessly and negligently backed into and against plaintiff's automobile, such was a sufficient allegation of negligence to sustain a verdict for plaintiff when supported by proof.

4. **NEGLIGENCE: Inference: Negligence Cannot be Inferred from Fact that Team Backed and Collision Resulted.** It cannot be inferred that defendant was negligent from the fact that the team backed and collision resulted, as there must be some proof that there was some negligent act on part of defendant, or a negligent failure of defendant to perform some act, by reason of which collision occurred, and its consequent injury and damage.

5. **APPEAL AND ERROR: On the Record, Held, Interference with Order Granting New Trial not Justified.** In an action to recover damages to automobile alleged to have been caused by defendant's team backing into it, evidence *held* not to justify interference with trial court's order granting new trial.

Appeal from the Circuit Court of Jackson County.— *Hon. William O. Thomas,* Judge.

AFFIRMED.

*Griffin & Orr* for appellant.

*McLaughlin & Cosgrove* for respondent.

ARNOLD, J.—This is a suit in damages. The plaintiff was driving west with his brother, Clarence Haag, in plaintiff's automobile, on the north side of Kansas avenue, a public street in the City of Kansas City, Kansas, near its intersection with First street. At the same time two wagons belonging to defendant, each drawn by two horses in charge of a driver and each loaded with scrap iron, consisting of long iron pipes which extended over the rear end of the rear wagon, were going west ahead of plaintiff's automobile and turned north on the north side of Kansas avenue for the purpose of weighing their loads on the scales situated just north of the sidewalk. The first wagon drove on the scales and was

being weighed, or had been weighed, and the second, or rear wagon was behind the first with the horses' feet upon the sidewalk, either at a dead stop or moving slowly, the wagon extending north and south, the rear end thereof with the protruding pipes projecting into the street to, or almost to, the north rail of the north street car track. There were two car tracks on said street.

Plaintiff alleges that he swerved or turned his automobile to the south to pass behind the rear wagon and that when he was immediately behind the said wagon the latter, suddenly and without any warning backed forcing the protruding pipes into the automobile in front of the bow of the top, thus forming a fulcrum, catching plaintiff in the back, crushing him against the steering wheel, breaking two ribs and otherwise injuring him and greatly damaged his automobile.

The petition sets out the facts practically as related above and charges negligence of defendant, his agents, servants and employees in causing said wagon to be backed without warning into and against the automobile in which plaintiff was riding. The answer was a general denial and a plea of contributory negligence.

The case went to trial on the issues thus made and the verdict of the jury was for plaintiff in the sum of $1300. Defendant field his motion for a new trial and on January 31, 1920, the said motion was by the court sustained and from this action, plaintiff appeals. The appeal is based upon the contention that the trial court erred in granting a new trial. There was no question raised in the trial as to the fact of plaintiff's injury and the damages to his automobile. No grounds were specified by the trial court in its order granting a new trial.

In Lead & Zinc Mining Company v. Webster, 193 Mo. l. c. 363, the court held: "Although the order of the court did not specify the grounds upon which new trial was granted, the order will be sustained if, on any

grounds set forth in the motion, it ought to have been sustained. [Hewitt v. Steele, 118 Mo. 463; Bank v. Wood, 124 Mo. 72; Kreis v. Railroad, 131 Mo. 533.]"

Defendant, in his motion for a new trial, states the following grounds: That the verdict was against the greater weight of the evidence, that the verdict was against the law and the evidence, that the verdict was founded upon evidence in direct conflict with physical laws and physical facts surrounding the accident, that the court erred in refusing to sustain defendant's demurrer to plaintiff's evidence, and in not directing a verdict for defendant at the close of the evidence, and in giving the first, second and third instructions requested by plaintiff, and because the verdict was excessive and the result of bias and prejudice on.the part of the jury in favor of plaintiff against defendant.

There is a general rule that an appellate court will not interfere with the action of a trial court in granting a new trial where it exercises a pure discretion, as, for instance, on the ground of the weight of the evidence.' ". . . but where the ground is purely a judicial one, or an error of law, as in giving or refusing an instruction, an appellate court will review the action of the trial court in granting a new trial in such cases." [Alexander v. Allison, 224 S. W. 50, citing Rigby v. Transit Company, 153 Mo. App. 330; Grain Company v. Railroad Company, 177 Mo. App. 194; Ginter v. O'Donoghue, 179 S. W. 732; Graney v. Railroad, 157 Mo. 666; Haven v. Railroad, 155 Mo. 216.]

For aught that appears in the record, the trial court may have granted a new trial in the case at bar on the ground that the verdict was against the weight of the evidence. In Alexander v. Allison, supra, the court held: "The action of a trial court in granting a new trial on the ground that the verdict is against the weight of the evidence will not be interfered with on appeal if there is substantial evidence justifying a result contrary to the verdict, and in no case will it be disturbed, unless the evidence is such that no verdict in favor of the party to

whom a new trial is granted could be allowed to stand."

In Geiger v. City of St. Joseph, 198 S. W. 78, this court has held: "If the evidence in the case is such that no verdict in favor of the party to whom the new trial is granted could ever be allowed to stand, the judgment granting a new trial will be reversed." [Citing Powell v. Batchelor, 192 Mo. App. 67, 76; 179 S. W. 751; Ottomeyer v. Pritchett, 178 Mo. 160, 79 S. W. 62.] In the case at bar, plaintiff charges negligence of defendant, his agents, servants and employees in that the wagon of defendant was "suddenly and without warning whatsoever, carelessly and negligently backed into and against plaintiff's automobile . . . "

This is a sufficient allegation of negligence to sustain a verdict for plaintiff when properly supported by proof. An examination of the record fails to disclose whether the negligence charged is that of either omission or commission. It cannot be inferred that defendant was negligent merely from the fact that the team backed and the collision resulted. There must be some proof that there was some negligent act on the part of defendant, or a negligent failure of defendant, his agents or employees, to perform some act by reason of which the collision occurred, and its consequent injury and damages.

The testimony of plaintiff, on cross-examination discloses that in driving his automobile at the time of the accident, he did not know what caused the horses to back; that they might have become frightened at something and backed, and that he did not know of a single act on the part of the driver of the team that might have caused them to back. There is no proof that the team was negligently handled. The driver of the team in question testified that the team did not back.

From an examination of the whole record, we find that the case does not come within the exception which permits us to interfere with the order granting defendant a new trial. It follows that the judgment of the trial court should be affirmed, and it is so ordered.

All concur.