WILLIAM H. RICHE v. CITY OF ST. JOSEPH and MEYER BLOCK, Doing Business as COMMERCE COAL COMPANY, Appellant.—32 S. W. (2d) 578.

Division One, November 18, 1930.

692

*John C. Landis, Jr.,* and *John C. Landis, III,* for appellant.

*Mytton & Parkinson* for respondent.

FERGUSON, C.—This is an action against the city of St. Joseph, a municipal corporation, and one Meyer Block, doing business under the name of Commerce Coal Company, for damages for personal injuries which plaintiff alleges he sustained by falling upon a brick driveway, being a part of the sidewalk in front of defendant Block's place of business, and which was used by said defendant as an entrance and egress for wagons and trucks to and from his coal yard and scales. Plaintiff asks damages in the sum of $15,000. As to defendant Block, the petition charges that on the date of the alleged injury and for a long time prior thereto, ruts six or eight inches in

width and six or eight inches in depth existed in said driveway and sidewalk, rendering said sidewalk, at that point, dangerous and unsafe for pedestrians using same, and that said ruts were caused by defendant Block's wagons and trucks entering and leaving his place of business across said driveway, and that he was negligent in not remedying same; that on the 28th day of March, 1927, while walking on said sidewalk, and in the exercise of care, plaintiff stepped into one of said ruts and was caused to fall upon the brick sidewalk and sustained the injuries set out.

Defendants filed separate answers, denying generally the allegations of the petition, and pleading contributory negligence.

The trial was had before a jury. At the close of the testimony on the part of the plaintiff, there being no proof that the notice required by Section 7955, Revised Statutes 1919, had been given to the defendant city of St. Joseph, the court sustained a demurrer to the evidence offered by said defendant.

The testimony offered on the part of the plaintiff was that the defendant Block operated his coal business in the city of St. Joseph, under the name of Commerce Coal Company; that there was a brick sidewalk in front of his place of business through which ran a brick driveway, and that defendant Block's wagons and trucks, heavily laden and weighted with coal, had, in passing over this driveway into and out of defendant's place of business, pressed the bricks down, making two well defined ruts extending across the driveway; that on March 28, 1927, the date of plaintiff's injury, these ruts were from six to eight inches deep and about four inches wide; that it had been the custom of defendant Block to fill these ruts with cinders and coal dust, thereby keeping the surface of the sidewalk at that point reasonably smooth and level, but that for a period of about ten days to two weeks prior to March 28 the ruts were open and exposed and dangerous to pedestrians traveling along the sidewalk at that point. There was testimony on the part of the plaintiff that shortly after the date of the injury the defendant Block caused the bricks in the ruts to be removed, the foundation thereunder built up and the bricks replaced, so that the conditions prevailing at the time of the trial and at the time certain photographs of the driveway offered in evidence by defendant were made, did not correctly represent the condition of the driveway and sidewalk existing at the time of the injury. Plaintiff testified that his injury occurred between 7:30 and eight o'clock P. M. and as he was crossing this driveway; that "he was looking where he was going;" that his attention was momentarily attracted to some cars when he stepped into one of these ruts, was thrown upon the brick sidewalk and injured. Plaintiff had worked for defendant for about a month from some time in October until in November, 1926, and plaintiff testified that during that time

defendant kept the ruts filled with cinders and coal dust, thus maintaining a level surface across the driveway, and that since he had ceased working for defendant he had not had occasion to travel along said sidewalk and was not familiar with the conditions prevailing there subsequent to November, 1926.

The testimony on behalf of defendant was to the effect that there had never been any ruts six or eight inches deep and six or eight inches wide in the driveway; that there were two tracks marked by a slight depression in the brick surface caused by the weight of the loaded wagons and trucks, but that these depressions or ruts were very slight and were not, and never had been at any time, over two or three inches in depth; that defendant frequently covered these slight depressions with cinders or coal dust; that no change whatsoever had been made in the driveway after the 28th day of March, and that the condition of the driveway was the same at the time the photographs introduced in evidence were made, and at the time of the trial, as it was on that date. The jury returned a verdict for the defendant.

The plaintiff filed a motion for new trial assigning as grounds therefor: the modification by the court of plaintiff's Instruction No. 1 and the giving of certain instructions on behalf of defendant; that "the verdict is against the evidence and the weight of the evidence;" the admission of incompetent evidence on behalf of defendant, and the rejection of competent and relevant evidence offered by plaintiff; and misconduct on the part of certain jurors "whose names are unknown to plaintiff." This motion was sustained and a new trial ordered, but the court did not, in the order allowing a new trial, specify of record the ground or grounds on which a new trial was granted as directed by Section 1454, Revised Statutes 1919. From the order granting a new trial the defendant Block appeals. This was the first trial of the case. Indulging the presumption favoring the correctness of a trial court's ruling on a motion for a new trial, when, as in this case, the trial court sustains the motion and grants a new trial, but does not "specify of record the ground or grounds on which said new trial is granted," the appellate court must affirm such order if the action of the trial court can be sustained upon any ground set forth in the motion and if any of the grounds assigned therein be sufficient. [King v. Mann, 315 Mo. 318; Metropolitan Lead & Zinc Mining Co. v. Webster, 193 Mo. 351; Kreis v. Railroad, 131 Mo. 533; First National Bank v. Wood, 124 Mo. 73; Hewitt v. Steele, 118 Mo. 463; Turner Lumber & Investment Co. v. Railroad (Mo. App.), 16 S. W. (2d) 705; Shoemaker v. Marcum (Mo. App.), 9 S. W. (2d) 863; Haag v. Cohen, 207 Mo. App. 36.]

Plaintiff, in his motion for a new trial, sets out a number of grounds therefor, one being that "the verdict is against the evidence and the

weight of the evidence." The trial court has a right to grant one new trial to each party on the ground alone that the verdict is against the weight of the evidence, and since this was the first trial of the case it was within the discretion of the trial court to grant plaintiff a new trial on the ground that the verdict is against the weight of the evidence. [King v. Mann, 315 Mo. 318; Hurley v. Kennally, 186 Mo. 225; Sec. 1454, R. S. 1919.] When the trial court fails to specify the ground on which it sustained the motion for a new trial and one of the grounds assigned therein is that the verdict is against the weight of the evidence, the appellate court will presume that the trial court sustained the motion on that ground. [Gray v. City of Hannibal (Mo. Sup.), 29 S. W. (2d) 710; Haralson v. Kresge Co., 261 S. W. 740; King v. Mann, 315 Mo. 318; Barth v. Boyer (Mo. App.), 27 S. W. (2d) 499; Leavel v. Johnston, 209 Mo. App. 197.]

Since we presume that the trial court sustained the motion for a new trial on the ground that the verdict is against the weight of the evidence, which action is within the discretion of that court, this court will not interfere unless it conclusively appears that "no verdict in favor of the plaintiff could ever be allowed to stand" and that the trial court has therefore unjustly or arbitrarily exercised its discretion in granting the new trial. [Geiger v. City of St. Joseph, 198 S. W. 78; Metropolitan Lead & Zinc Mining Co. v. Webster, supra; Ottomeyer v. Pritchett, 178 Mo. 160; Hewitt v. Steele, supra; Gottschalk v. Wells, 274 S. W. 401; Haag v. Cohen, supra; Alexander v. Allison, 224 S. W. 50.] While the evidence is conflicting, there is substantial evidence to support a verdict for plaintiff and it does not appear under the facts of this case that a verdict for plaintiff could not be allowed to stand.

The order of the circuit court granting a new trial is therefore affirmed. *Seddon* and *Ellison, CC.,* concur.

PER CURIAM:—The foregoing opinion by FERGUSON, C., is adopted as the opinion of the court. All of the judges concur.