C. V. McGraw et al., Plaintiff, Home Owners' Loan Corporation, Appellant, v. Farmers Fire & Lightning Mutual Insurance Company, Respondent.—160 S. W. (2d) 845.

Kansas City Court of Appeals. April 6, 1942.

*S. D. Frampton* and *Charles M. Miller* for plaintiff and appellant.

*Jno. D. Taylor* for respondent.

1022

CAVE, J.—This is a suit on a fire insurance policy, issued on March 26, 1935, by defendant to one C. D. McGraw and wife, insuring their residence property against loss or damage by fire in the sum of $1000. The Home Owners' Loan Corporation was the owner and mortgagee of the first deed of trust on said property securing the payment of a note for $679.79, with accrued interest. At the time of the issuance of the policy there was attached and made a part of the policy a standard or union mortgage clause, which provided that in case of loss or damage to the building insured under the policy, payment of the loss or damage would be made to the Home Owners' Loan

Corporation as mortgagee, "as its interest may appear at the date of the loss, subject to all conditions of said policy; except that as to the interest of aforesaid mortgagee herein, this policy shall not be invalidated by nonpayment of any premium, premium note, assessment or dues against said policy, unless ten days prior written notice shall be given said mortgagee by this insurance company of such nonpayment."

On October 23, 1937, the dwelling house so insured was totally destroyed by fire, but the defendant refused to pay the policy, claiming it had lapsed because of the failure to pay dues on certain dates. Suit was filed and trial had before a jury, resulting in a verdict for plaintiff, Home Owners' Loan Corporation, in the sum of $822.73, but the court directed the jury to return a verdict against the plaintiffs C. D. McGraw and Amanda E. McGraw, his wife, which was done, and they did not file motion for new trial. Defendant filed a motion for new trial and, in due time, the court sustained such motion without specifying of record the ground or grounds on which the new trial was granted, as directed by Section 1169, Revised Statutes Missouri, 1939. The motion assigned ten grounds, one of which was, "because the verdict and finding of the jury was against the evidence and the weight of the evidence." This was the first trial of the case, and the applicable rule is that when the trial court sustained the motion and granted a new trial, but did not specify of record the ground or grounds on which said new trial was granted, the appellate court must affirm such order if the action of the trial court can be sustained upon any ground set forth in the motion; and since the trial court has the right to grant one new trial to each party on the ground alone that the verdict is against the weight of the evidence, the appellate court will presume that the trial court sustained the motion on that ground and will not interfere unless it conclusively appears that no verdict in favor of the defendant could ever be allowed to stand, and that the trial court has therefore unjustly or arbitrarily exercised its discretion in granting the new trial. [Riche v. City of St. Joseph, 326 Mo. 691, 32 S. W. (2d) 578.]

In its brief the plaintiff says that "the sole contested issue in this case, as tried in the trial court, was whether or not ten days prior written notice had been given to the mortgagee of nonpayment of a defaulted assessment, by the insurer. This was an affirmative defense, made in defendant's answer as to why it was not liable on the policy of fire insurance to the mortgagee, upon which the burden of proof was on the defendant." From reading the record we conclude that was the issue tried in the lower court and it was the issue submitted to the jury by the instructions offered on behalf of the plaintiff and defendant.

In its opening statement to the court and jury the plaintiff stated: "The principal issue in this lawsuit . . . is whether or not

the Home Owners' Loan Corporation received the notice that the policy was not in force, that the policy had lapsed because of nonpayment of premiums. It is the plaintiff's position that it received no notice, and that the insurance company, under their contract and amendments thereto, were bound to furnish us with that notice. . . ." In its case in chief the plaintiff introduced evidence that it had not received, through the mail or by any other means, notice of any defalcation in the payment of premiums by the McGraws. At the conclusion of plaintiff's evidence the defendant produced evidence that notice of defalcation had been mailed to the plaintiff within a day or two after the defalcation. At the close of all the evidence the plaintiff did not request the trial court to give an instruction directing a verdict for it on the ground that the evidence failed to make a submissible issue of fact as to whether such notice had been given, but on the contrary joined with the defendant in submitting that issue of fact to the jury, and now, for the first time, contends that under the pleadings and the evidence no such submissible issue was made; or stated another way that the evidence in the record conclusively shows that a verdict in favor of the defendant could not be allowed to stand. We hold that the plaintiff is not now in position to urge such contention for the first time in this court. This conclusion would be the same even though plaintiff had requested a directed verdict and such request was denied by the court. We will not review the case on a theory different from that on which it was tried and submitted in the trial court. [White v. Klentling, 345 Mo. 526, 134 S. W. (2d) 39.]

As we understand the rule announced by the Supreme Court in the case of Riche v. City of St. Joseph, supra, when we have reached the conclusion that the trial court sustained the motion for new trial on the ground that the verdict was against the weight of the evidence, then we will not interfere with such order unless we can say that a verdict for the defendant "could never be allowed to stand and that the trial court has therefore unjustly or arbitrarily exercised its discretion in granting a new trial." Since the plaintiff in the trial court, by instructions, joined with the defendant in submitting to the jury the question of defendant's liability to the plaintiff on the policy, we do not believe it is now in a position to urge in this court that the trial court abused its discretion in sustaining the motion on the ground that the verdict was against the weight of the evidence. By logical reasoning such conclusion is supported by the following cases: Wissmann v. Pearline, 135 S. W. (2d) 1, l. c. 4; Fawkes v. National Refining Co. (Mo.), 108 S. W. (2d) 7, l. c. 11; Frost v. Jensen, 155 S. W. (2d) 553, l. c. 554.

Since we conclude that the trial court sustained the motion on the ground that the verdict was against the weight of the evidence and that such action was not an abuse of its discretion, it will not be neces-

sary for us to discuss other grounds in the motion. Other questions which are urged in the briefs will not be discussed at this time because on a retrial the pleadings and the evidence and the course of the trial may not again present such issues.

Plaintiff has filed a motion to strike from our files defendant's supplemental abstract of the record, because the matters therein contained are not preserved in the bill of exceptions on file in the trial court. Defendant admits such matters are not in the bill of exceptions on file but states that it verily believes such matters were included therein when it approved the bill of exceptions. This court cannot make up and approve a bill of exceptions, that must be done by the trial court. Plaintiff's motion will be sustained. In arriving at our conclusion herein we have not considered the matters contained in the supplemental abstract.

It follows that the action of the trial court in sustaining the motion for new trial must be affirmed. It is so ordered. All concur.