261 S.W.2d 45 (1953)
DRAKE et al.
v.
HICKS et al.
No. 43472.
Supreme Court of Missouri, Division No. 2.
September 14, 1953.
Rehearing Denied October 12, 1953.
William C. Connett IV, Thomas V. Connelly, St. Louis, Bryan, Cave, McPheeters & McRoberts, St. Louis, of counsel for appellants.
Witherspoon, Lewis & Draper, St. Louis, for respondents.
ELLISON, Judge.
This is a second appeal in a suit for specific performance of a written contract to convey certain real estate in St. Louis designated in the record as 4460-62 Enright *46 Avenue. The plaintiffs Drake, husband and wife, were the contract purchasers of the property. The defendant Fred Hicks was the owner. The two other defendants, Parker and Matthews, were purported lessees. Hicks contended the plaintiffs Drake had failed to carry out the contract on their part. The trial court found they had, and divested the title out of Hicks and vested it in them. Hicks appealed, and in 249 S.W.2d 358 this court reversed and remanded the cause with directions to reinstate the interlocutory decree as a basis for further proceedings consistent with the opinion. The second hearing was on the same record.
The contract of sale was unusual. It was a written "Receipt For Earnest Money" dated September 9, 1950, marked "Accepted" by the plaintiff purchasers Drake and "Approved" by the defendant vendor Hicks. It stated the total purchase price of the property was $12,000, of which $300 was a down payment of earnest money, and $8,700 was to be paid in cash at the closing of the sale on or before October 2, 1950, at the office of Oren E. Scott. Time was to be of the essence of the contract. The remaining $3,000 was to be paid monthly in 36 notes of which 35 were for $90 each, and the remaining note for $139.80 drawing 6% interest, all secured by a second deed of trust, subject to an outstanding first deed of trust for $7,500 due in three years, drawing 5% semi-annual interest. Hicks guaranteed the title.
The plaintiffs Drake did not appear at the office of Oren E. Scott on October 2, as stipulated, to close the contract but went there the next day and completed the arrangements for financing the transaction. The defendant vendor Hicks refused to execute the deed and the plaintiffs Drake instituted this suit for specific performance. The trial court found for them and on April 20, 1951, entered an interlocutory decree for specific performance of the contract of sale conditioned on their compliance therewith in ten days by deposit of the money, notes and second deed of trust called for therein. On proof of that compliance and of defendant Hicks' refusal to perform the trial court entered a final decree on April 24, 1951, divesting title to the real estate out of the defendant Hicks and vesting it in the plaintiffs Drake.
In the interlocutory decree the trial court found that after the defendant Hicks had on September 9, 1950, contracted in writing in the "Receipt for Earnest Money" to consummate the sale on October 2, 1950, and sell the land to the plaintiffs Drake, he [Hicks] had on October 3, 1950 fraudulently entered into 5-year leases on two separate parts thereof respectively to the defendants Parker and Matthews, both leases to be effective September 1, 1950. In other words, the two leases were backdated. And they were at a depreciated rental of $50 per month for one part and $40 per month for the other, whereas the reasonable rental value of the whole property was $100 per month. The interlocutory decree found these leases were entered into by Hicks in bad faith for the sole purpose of thwarting the sale of the property to the plaintiffs Drake, and that no rentals had actually been paid by the lessees Parker and Matthews.
Continuing, the interlocutory decree held the plaintiffs Drake were entitled to specific performance of their contract as expressed in the "Receipt for Earnest Money", and directed them within 10 days to deposit with the clerk of the court $9,000 [their down payment of $300 plus $8,700 obtained on a second deed of trust] and also the $3,000 in $90 notes payable monthly called for by the contract and secured by a second [third?] deed of trust. Further the interlocutory decree ordered the clerk of the court upon the receipt of said purchase money, notes and second deed of trust on the property, to pay off a prior deed of trust thereon held by the Home Owners Loan Corporation on which $7,500 was due, and to release the same of record.
Still further the interlocutory decree directed the clerk to withdraw so many of the plaintiff Drake's $90 notes as had been accruing monthly since the execution of the contract on October 2, 1950 and until *47 the decree had become final and possession of the property delivered to the plaintiffs, the same to be marked cancelled and paid and returned to plaintiffs as an off-set to the $100 per month rental value of the property they had lost by reason of being deprived of possession thereof.
The remainder of said $90 notes together with the second deed of trust covering them and the remaining balance of the purchase price of $9,000 were to be paid to the defendant Hicks, after deduction therefrom of all payments on the prior deed of trust [held by the Home Owners Loan Corporation?] and the costs of the lawsuit.
In its final decree the trial court repeated and adopted all or most of the foregoing findings in the interlocutory decree, and found the plaintiffs Drake had complied with them. It ordered that after the making of the disbursements directed in that decree, payment of the costs in the case and the adjustment of taxes for 1950, the balance remaining should be paid to the defendant Hicks. And finally it divested Hicks' title in the land and vested it in the plaintiff Drake, and cancelled the leases thereon of the defendants Parker and Matthews.
Defendant Hicks appealed. He objected to completion of the sale for two reasons. The first was that a provision had been inserted in the deed of trust securing the $3,000 in monthly installment payment notes, granting the plaintiffs Drake the privilege of paying the secured indebtedness in full or in part at any time upon notice to Scott, the trustee in the deed of trust, the interest on the principal amount of such payments to cease from the date of payment thereof. It was held on the former appeal, 249 S.W.2d loc. cit. 360 (5) that this was a violation of his [Hicks'] rights, since the contract of sale did not contain a prepayment privilege clause.
Further, the installment notes were not made payable to Hicks, the vendor, but to a straw party John F. Schrontz, who was named as third party, or beneficiary, in the deed of trust. Oren E. Scott was trustee. It appears the intention was to have Schrontz endorse the notes without recourse to defendant Hicks. The deed of trust securing the notes to Schrontz was filed in the recorder's office, and thereafter tendered with the notes to Hicks, who refused to accept them because they were not payable to him, the seller, as the contract required. But when the plaintiff-appellant Drake tendered them into the circuit court on the trial of their specific performance case the court ruled the notes were such "as called for in the terms of the sale contract."
On the former appeal this court held the foregoing was an even greater violation of Hicks' rights, and reversed the trial court's final decree dated April 24, 1951, and remanded the cause with directions to reinstate its interlocutory decree of April 20, 1951, as the basis for such further proceedings as the circumstances might require, consistent with that opinion.
Accordingly, the trial court reinstated its interlocutory decree for the plaintiffs-respondents Drake and against the defendants-appellants Hicks et al. and vacated its prior final decree of April 24, 1951 for the Drakes. Thereupon the court on August 1, 1952, entered a new final decree in favor of the plaintiffs Drake, which substantially conformed to the original final decree, brought down to date.
Thereafter on August 9, 1952 the defendants-appellant Hicks, Parker and Matthews filed a motion for new trial containing 11 assignments of error. After hearing argument thereon the trial court sustained that motion generally, without any specification of error, on October 7, 1952, and the Drakes filed their notice of appeal to this court the next day, October 8, 1952. In consequence they became appellants, and the defendants Hicks et al., who had theretofore been appellants, became respondents.
Section 510.330, RSMo 1949, V.A.M.S. provides that every order allowing a new trial "shall specify of record the ground or grounds on which said new trial is granted." The motion for new trial in this case contained *48 11 assignments of error, which stated only general conclusions of law or fact. The trial court's order sustaining the motion merely stated that it was sustained, but gave no reasons for the ruling and no statement of the assignments which were sustained.
Rule 1.10 of this court provides that when the trial court grants a new trial without specifying of record the ground or grounds on which the new trial is granted, the presumption shall be that the trial court erroneously granted the motion for new trial and the burden of supporting such action is placed on the respondents, in this case defendants Hicks et al.[1] Continuing, the rule states that if the appellant serves on the respondent a statement making such allegations of error, on or before the time required for filing the transcript on appeal, then the respondent shall prepare the original brief, and reply brief if any, and serve them within the time otherwise required for the appellant to serve briefs. The appellant shall prepare the answer brief and serve it in the time otherwise required for the respondent to serve his brief.
In this case counsel for appellants Drake on this second appeal served notice on counsel for the respondents Hicks et al. that they were invoking Rule 1.10, and called upon respondents to file the first brief, which they did. The first point in their brief is that the "failure to specify grounds for sustaining motion for new trial did not invalidate action," citing Section 510.330, supra, which provides that "A new trial may be granted for any of the reasons for which new trials have heretofore been granted. * * *" But that same statute also states "Every order allowing a new trial shall specify of record the ground or grounds on which said new trial is granted." [Italics ours.]
No specific grounds were assigned by the trial court in its order granting the new trial in this case. It merely ordered that the respondents' motion for new trial "be and the same is hereby sustained." Likewise, in their brief here on this second appeal respondents Hicks et al. make no specific assignments. The first is that "failure to specify grounds for sustaining motion for New Trial did not invalidate action." On that point they merely cite the statute, Section 510.330, and seven Missouri decisions of which the latest two are Vitagraph, Inc., v. Cantwell, Mo.App., 60 S.W.2d 683, 684 (1-3) and Richie v. City of St. Joseph, 326 Mo. 691, 694(1), 32 S.W.2d 578, 579(1). Those cases respectively cite Section 1003, R.S.1929 and Section 1454, R.S.1919, both of which provided as Section 510.330 does now that "every order allowing a new trial shall specify of record the ground or grounds on which said new trial is granted."
But in both cases the trial court had disobeyed the statute and granted a new trial without specifying its reasons, and the appellate court had upheld that ruling on the theory that it must do so if there was any ground in the motion upon which the ruling could be sustained. That is not the law now. Under Section 510.330 if a new trial is granted the trial court must specify of record the grounds therefor. And under Rule 1.10 if it fails to do so the presumption is that the new trial was erroneously granted, and the burden of supporting that ruling is cast on the respondent beneficiary of that action.
The second and third assignments in respondents' brief are that their motion for new trial "stated several proper and adequate grounds on which the trial court's action may be sustained." But they do not specify what those grounds were. They cite two decisions: Richie v. City of St. Joseph, 326 Mo. 691, 694-695, 32 S.W.2d 578, 579 and Harris v. McQuay, Mo.App., 242 S.W. 1011. The Richie case held the appellate court indulges a presumption that the trial court's order granting a new trial *49 was correct, and that where the lower court did not specify of record the ground on which the motion was sustained, the appellate court will affirm the order if it can be sustained on any ground set out in the motion. One of those grounds in that case was that the verdict was against the weight of the evidence. And accordingly this court sustained the motion presumptively on that ground.
The other case citedthe Harris caseheld the failure of the trial court to specify the ground upon which it sustained a motion for new trial, as required by statute, does not invalidate the order granting the new trial, and that it will be sustained if that can be done on any ground stated in the motion. We think it is clear that this is not the law since the decision of the King case, supra,[1] and the adoption of our Rule 1.10.
The fourth ground in the brief of respondents Hicks et al. is that there was no evidence in this case to sustain the trial court's final decree of August 1, 1952 in favor of the appellants Drake, and that the court properly sustained respondents' motion for new trial. On that point respondents cite Jiner v. Jiner, 182 Mo.App. 153, 168 S.W. 231. In that case the Court of Appeals admonished the trial courts to observe the statute, then Section 2023, R.S. 1909, which provided as Section 510.330, R.S.1949, V.A.M.S. does now, that "Every order allowing a new trial shall specify of record the ground or grounds on which said new trial is granted." But nevertheless the decision indulged a presumption in favor of the trial court's action in granting a new trial on the ground that the jury's verdict in an ejectment suit was against the weight of the evidence, and affirmed the trial court's order granting a new trial.
The record in this case shows that after the cause had been remanded to the circuit court the plaintiffs Drake executed another deed of trust dated as of October 2, 1950 and acknowledged July 7, 1952, which eliminated the prepayment privilege contained in the former deed of trust. This deed of trust substituted R. L. Witherspoon as trustee instead of Oren E. Scott, as in the former one. And the notes were made payable to defendant Hicks instead of to Schrontz, as before, thus conforming to the mandate on the former opinion as the law of the case. It is true the opinion on that first appeal did not direct what judgment should be entered by the trial court on the merits but it did recognize there was a subsisting cause of action. Wanstrath v. Kappel, 358 Mo. 1077, 1085(2), 218 S.W. 2d 618, 623(3); Prasse v. Prasse, 342 Mo. 388, 390(2), 115 S.W.2d 807, 808(1).
The argument in respondents' brief is wholly insufficient, and altogether contains only 21 printed lines covering all four assignments or points. The first point contends the trial court's final decree of August 1, 1952 in favor of the appellants Drake was without evidence to support it, and that no new evidence was presented to the trial court after this court in its former opinion "rendered void" the evidence on which the original decree of April 24, 1951 in favor of the appellants Drake was based. We think there is no merit in this contention. This court in its former opinion did not say the evidence was insufficient. It remanded the cause because the deed of trust securing the $90 notes contained a clause granting a prepayment privilege whereas the receipt for earnest money contract did not, and also because the notes were made payable to the straw man Schrontz. The cause was remanded for further proceedings correcting those two errors. Otherwise the prior ruling of the trial court was not criticized.
The second point made is that "the plaintiffs did not perform their part of the contract and were not entitled to a decree." This was a mere statement of conclusions without any statement of the facts on which they were based. The third point is of the same nature. It alleged: "The failure of the trial court to specify the ground or grounds on which the motion for a new trial was sustained does not invalidate the trial court's action. There were several *50 good and sufficient reasons stated in the motion for new trial on which the trial court's action can be sustained." This assignment wholly ignores the provision in Section 510.330 that "Every order allowing a new trial shall specify of record the ground or grounds on which said new trial is granted", and Court Rule 1.10 provides that "When a trial court grants a new trial without specifying of record the ground or grounds on which the new trial is granted, the presumption shall be that the trial court erroneously granted the motion for new trial and the burden of supporting such action is placed on the respondent."
The fourth point stated in respondent Hicks' argument is "that the alleged new second deed of trust filed with the clerk of the circuit court was not a part of the evidence in the case, and the trial court did not reopen the case for the reception of additional evidence. We do not find in the record any showing that respondents Hicks et al. asked for a further hearing on the evidence. The last sentence in our prior opinion, 249 S.W.2d loc. cit. 361, was that the interlocutory decree of the trial court should be reinstated "as the basis for such further proceedings consistent with the views herein expressed as the facts and circumstances may require." That opinion criticized the former decree only in the two respects already mentioned. Appellants cite Prasse v. Prasse, 342 Mo. 388, 392(5), 115 S.W.2d 807, 809(8). The holding in that case as reflected in the fifth syllabus of our report was that "where a case is reversed and remanded with specific directions to enter a certain judgment and the trial court entered judgment, on a second appeal taken from that judgment the only question before the Supreme Court is whether or not the judgment entered by the trial court was in conformity with the mandate."
The record in this case shows that after this court reversed and remanded the cause on the first appeal on June 9, 1952, with directions to reinstate the interlocutory decree for further proceedings thereon, the trial court entered an order dated June 30 giving plaintiffs Drake until July 10, 1952 to comply with the interlocutory decree. Following that entry the record sets out the corrected deed of trust acknowledged July 7, 1952, and the trial court's final decree dated August 1, 1952 in favor of the plaintiff-appellants Drake. Thereafter the circuit court granted a new trial to respondents Hicks et al. without assigning any reason therefor.
It seems clear to us that the court erred in so doing. The appellants Drake complied with our mandate in the former case.
For these reasons the judgment should be reversed and the cause remanded with directions to reinstate the decree of August 1, 1952 for the appellants Drake.
All concur.
NOTES
[1] The reasons for the rule are stated in 2 Carr, Missouri Civil Procedure, Sec. 1206, pp. 251-4. See also: King v. Kansas City Life Ins. Co., 350 Mo. 75, 82-86(3), 164 S.W.2d 458, 463(6); Davis v. Kansas City Public Service Co., 361 Mo.loc. cit. 168, 182, 233 S.W.2d 669, loc. cit. 677 (10).