M’Girk, C. J.,
delivered the opinion of the Court.
This was an action of assumpsit, hy the endorsee of a hill of exchange against the maker. The plaintiff in the Court helow had a verdict and judgment; the cause is brought up by a writ of error. The whole of the error assigned appears by a bill of exceptions, except one made to the declaration. To first error is a general one. The second is, that the damage in the declaration is $1,800, and the judgment is for $1,957 21. Third. The declaration is not specific enough. The fourth, fifth, sixth and seventh, are on the Court’s refusing to instruct the jury as prayed, and giving wrong instructions. The eighth is, that the Court erred in refusing to grant a new trial.
As to the second error, that the judgment is for a greater sum than the damage laid in the declaration. This judgment is erroneous. But then the law on that point is, that this Court will let the party remit the excess. See 2 Sellon’s Practice, 408.
The defendant now offers to remit, which is allowed; but he must pay the costs of this writ of error, and this Court will give judgment for the balance, unless the judgment of the Court is erroneous in other respects.
The third error is, that the declaration is not specific and certain enough in this, that there is no allegation in the declaration, that the bill was presented at the office of discount and deposit of the Bank of the United States at Pittsburgh for payment. This assignment is a mistake; the thing complained of is found to exist in the amended count of the declaration.
The fourth error is, that the Court erred in refusing the first instruction prayed. The instruction prayed is, “ that there is no evidence, or no sufficient evidence, to prove a presentation of the bill at the place, and on the day, when and where the same became payable,” and also that there was “ no evidence, or no sufficient evidence, of a proper presentation and refusal to pay.” This the Court refused, but decided that the evidence was sufficient to prove those matters. It is not the busisiness of the Court to instruct the jury as to the sufficiency of evidence; the refusal was, therefore, right; nor was it error for the Court to decide the evidence was sufficient, unless, indeed, this decision can be construed into an instruction to the jury. But there is nothing on the record which warrants this belief. The decision which tire Court made is only to be considered as a direct refusal of the prayer. There is no error in this.
The fifth error is, that the Court refused to instruct the jury that a certain deposition was not sufficient to a certain purpose. This grows out of the first prayer, and v?e have already said there was no error in refusing so broad a proposition.
*440 It will be seen by an inspection of the record, that there is no foundation for the sixth error assigned.
The seventh error is of like nature with the sixth, as it will be seen that the 26th of April was the day of payment, and not the 27th.
The eighth error is, that the Court erred in refusing a new trial. Upon a view of the pleadings and evidence adduced in the cause, we think the Circuit Court, in refusing a new trial, exercised its discretion properly. There is no error in this.
But for the second error assigned, the judgment is reversed, and the plaintiff is allowed to remit the excess, and when he does so, judgment will be rendered for the defendant in error for' $1,800.