THE STATE ex rel. MISSOURI PACIFIC RAIL-
WAY COMPANY v. BROADDUS et al., Judges
of Kansas City Court of Appeals.

**In Banc, June 6, 1908.**

1. **JUDGMENT: Remittitur: No New Entry.** The entry of a *remittitur*, without more, does not set aside or nullify the judgment of the circuit court already entered, nor does it amount to the rendition and entry of a new judgment for the amount of the verdict less the *remittitur*.

2. ———: ———: **Appellate Jurisdiction: Interest.** Where the verdict was for $5,500 and judgment was entered for that amount and six per cent interest, and after interest to the amount of $132 had accrued and before appeal had been taken, plaintiff filed a *remittitur* for $1,000, the amount then in dispute was $4,632, and not $4,500, and the appeal was to the Supreme Court.

## Mandamus.

PEREMPTORY WRIT AWARDED.

*Elijah Robinson* for relator.

(1) "It is well-settled law that the court to which an appeal must go is determined solely by the record of the case made in the trial court." State ex rel. v. Smith, 176 Mo. 448. No new judgment having been entered by the circuit court, the appeal was necessarily from the judgment rendered on the 14th day of April, 1906, for $5,500, which was in excess of the jurisdiction of the Court of Appeals. It argues nothing to say that a new judgment ought to have been entered. It was not done, but that was no fault of relator; and there was nothing for relator to do but to appeal from the only judgment that had been rendered in the case. The mere filing of the *remittitur* by plaintiff did not operate to cancel the judgment of April 14, 1906, and

substitute a new judgment therefor. That it is necessary to enter a new judgment after a *remittitur* has been made, is now to well settled to admit of question. Haynes v. Trenton, 108 Mo. 134; Real Estate Co. v. Heidbrink, 112 Mo. App. 429; Schilling v. Speck, 26 Mo. 489. After the new judgment has been entered, it supersedes and takes the place of the old judgment, and operates to cancel and annul the same; but until the new judgment has been entered on the *remittitur*, the old judgment stands as the only judgment in the case, and as the only judgment from which a defendant can appeal, and is the only judgment from which relator in this case appealed. The only reference to the *remittitur* in any record entry is the recital in the order overruling relator's motion to set aside the order overruling its motion for a new trial, which is not a judgment. (2) The statute provides that the Court of Appeals shall have jurisdiction where the amount in dispute, exclusive of costs, does not exceed $4,500 (Laws 1901, p. 107). It will be observed that it does not say "exclusive of interest and costs." The judgment in the case in question bore interest at the rate of 6 per cent per annum from the date of its rendition, April 14, 1906, and, at the time the *remittitur* was filed, interest had accrued on said judgment to the amount of $132. Plaintiff did not remit $1,000 and accrued interest, but only $1,000, leaving a balance on the judgment of $4,632, being $132 in excess of the jurisdiction of the Court of Appeals. If, on the date of the *remittitur*, relator had concluded to pay the judgment, instead of appealing, it would have been compelled to pay $4,632 and costs. So far as the amount is concerned, the judgment, after the *remittitur* on July 5, 1906, stood just as though it had been credited on that date with the sum of $1,000. From whatever standpoint the case may be considered, the amount in dispute was in excess of $4,500, and relator is entitled to

have the case transferred to the Supreme Court, where it should have been sent by the circuit court.

' *Reed, Yates, Mastin & Harvey* for respondents.

There is no issue here for this court to decide. The only valid judgment in the cause heard in the Court of Appeals is the judgment setting aside the order overruling the motion for a new trial. The former judgment in the cause was nullified by the filing of the *remittitur* in the case. Dawson v. Waldheim, 81 Mo. App. 638. Under the decision of the Court of Appeals and under the decisions of this court, the original judgment of the court was nullified and no longer stands as a judgment against relator. No execution could be issued on the original judgment; and if issued, such an execution would be quashed on motion. The only judgment that could be collected in this case would be a judgment for forty-five hundred dollars, as of the day the motion for a new trial was last overruled. Before the plaintiff in the original cause can recover, he must go into the Court of Appeals, or the circuit court, and have his judgment rendered as of the day of the final overruling of the motion for a new trial. The judgment rendered would not include the item of interest which relator claims makes the judgment in excess of the jurisdiction of the Court of Appeals. Almost the exact point involved here has been decided in the case of Stolze v. Railroad, 122 Mo. App. 458. This contention is supported by the following cases: Haynes v. Trenton, 108 Mo. 134; Schilling v. Speck, 26 Mo. 489; Dawson v. Waldheim, 81 Mo. App. 638; Dawson v. Waldheim, 89 Mo. App. 248. In Dawson v. Waldheim, 81 Mo. App. 636, it was decided that a *remittitur* impeached the judgment as an entirety, and until modified is not enforcible. In neither of the points in relator's brief is its position sustained by the law or the cases which it cites. The original judgment being

impeached and nullified as an entirety, bore interest on neither the fifty-five hundred dollars, as found by the verdict of the jury, nor the forty-five hundred dollars remaining after the *remittitur*. The remedy of relator, if any, is not by mandamus to require the Kansas City Court of Appeals to transfer the cause to this court. As the Court of Appeals has said in its opinion, after the *remittitur* the plaintiff in the cause could not have recovered interest on the judgment for fifty-five hundred dollars. If the plaintiff had levied execution, the execution could have been quashed if the amount named in the writ exceeded forty-five hundred dollars.

WOODSON, J.—This is a proceeding by mandamus, instituted by the relator against the respondents, judges of the Kansas City Court of Appeals, commanding them to transfer to this court the case of J. M. Partello against relator, the Missouri Pacific Railway Company, which was an appeal from a judgment of the circuit court of Jackson county in favor of said Partello and against said railway company.

The facts of the case are undisputed, and are substantially as follows, as appears from the alternative writ, to-wit:

On the 14th day of April, 1906, on the trial of the case of J. M. Partello v. The Missouri Pacific Railway Company, in the circuit court of Jackson county, Missouri, at Independence, the jurors returned a verdict for plaintiff in the sum of $5,500, and thereupon a judgment was immediately rendered and entered of record for plaintiff for said sum and interest thereon at the rate of six per cent per annum.

On the 17th day of April, 1906, relator filed its motion for a new trial, and also its motion in arrest of judgment. On the 9th day of June, 1906, both of said motions were overruled, and relator excepted.

On the 12th day of June, 1906, relator filed its motion to set aside the order overruling its motion for new trial. On the 5th day of July, 1906, during the pendency of the last-mentioned motion, plaintiff filed a *remittitur* of $1,000.

On the 14th day of July, 1906, the following order was made and entered of record:

"On Saturday, July 14th, 1906, being the twenty-sixth day of the June term, 1906, defendant's motion to set aside order overruling motion for new trial was by the court sustained, and, it appearing to the court a *remittitur* of $1,000 from the verdict having been made, said motion for new trial is overruled and excepted to by defendant."

No new judgment was entered after the filing of said *remittitur*.

On the 8th day of September, 1906, relator filed its application and affidavit for appeal and appeal bond. In said application, filed with said affidavit and bond, it asked that the appeal should be granted to the Supreme Court; but the circuit court granted the appeal to the Kansas City Court of Appeals.

On the 21st day of November, 1906, relator filed in said Kansas City Court of Appeals a certified copy of the judgment and order granting an appeal.

On the 5th day of April, 1907, before any briefs had been filed or the cause had been submitted to said court, relator filed in said Kansas City Court of Appeals a motion setting up the facts herein set forth and asking that said cause be transferred to this court, which motion was by said Court of Appeals overruled.

Afterwards said cause was submitted on briefs, and, on the 27th day of January, 1908, the judgment was affirmed by said Court of Appeals.

On the 6th day of February, 1908, relator filed in said court its motion for rehearing, which motion was

overruled by said court, on the 17th day of February, 1908.

On the 19th day of February, 1908, relator filed in said Court of Appeals another motion asking said court to transfer said cause to this court, which motion was by said court overruled, and thereupon relator presented to this court its petition for writ of mandamus to compel said court to transfer said cause to this court, as it had been requested to do.

There is but a single question presented by this record for our consideration, and that is one of law. It is the contention of the relator that it is necessary after a *remittitur* has been entered in a cause to set aside the judgment and to enter a new judgment for the amount of the verdict less the *remittitur,* and, if that is not done, the judgment stands in full force and effect, with a record credit thereon for the amount of the *remittitur,* which in this case would be $5,500 and interest thereon to the date of the *remittitur,* which amounts to $132, total $5,632, less $1,000, the *remittitur* —balance $4,632, which was the amount of the judgment as contended by relator on the day the *remittitur* was made and the appeal was allowed.

Upon the other hand, the contention of the respondents is, that the entry of the *remittitur* impeaches and nullifies the judgment, and that the amount of the verdict should be credited by the amount of the *remittitur,* which in this case would be $5,500 less $1,000, the amount of the *remittitur*—balance $4,500, the sum for which a new judgment should have been entered by the circuit court.

If relator's contention is sound, then the amount of the judgment at the time the appeal was taken was for the sum of $4,632, which is in excess of the jurisdiction of the Kansas City Court of Appeals; and should have been appealed to this court, and not to that; while, upon the other hand, if the respondents'

contention is correct, the amount of the judgment was $4,500, which is within the jurisdiction of that court, and the appeal was properly taken to that court.

If, as respondents contend, the entry of the *remittitur* nullified the judgment of the circuit court, and it is no longer in existence, then the plaintiff in the original case has no judgment at all against the defendant therein, for the reason that there is no pretense that a new judgment was entered on the verdict after the *remittitur* was made. The mere fact that he was entitled to have a judgment does not change the situation in the least. In the first instance, after the jury returned their verdict, he was entitled to a judgment thereon, but we hardly believe it would be seriously contended that he would be entitled to treat the right to have a judgment entered thereon to be a judgment in fact.

And the same rule, and the reason therefor, would apply in this case. And we repeat that if the entry of the *remittitur* set aside and nullified the judgment of the circuit court, then the plaintiff therein has no judgment against the relator here, the defendant in that case.

We are, therefore, of the opinion that the entry of the *remittitur,* without more, did not set aside or nullify the judgment of the circuit court, nor amount to the rendition and entry of a new judgment for the sum of the verdict, less the amount of the *remittitur.* These views are in harmony with the decisions of this court in the following cases:

This court at an early date, Schilling v. Speck, 26 Mo. 489, in discussing this question, said: "It does not appear that the judgment was corrected after the *remittitur,* but it was allowed to stand for the full amount of the verdict. It was the duty of the plaintiff to have seen that the judgment was properly entered."

In the case of Haynes v. Trenton, 108 Mo. l. c.

134, in discussing the question, Judge GANTT, who delivered the opinion of the court, said: "When a *remittitur* is entered, a new entry of the judgment for the amount should be made. We notice this was not done here."

In the case of Real Estate Co. v. Heidbrink, 112 Mo. App. 429, pending motions for a new trial and in arrest of judgment, the plaintiff entered a voluntary *remittitur* of $35 of the damages assessed, but no new judgment was rendered. In that case the St. Louis Court of Appeals (l. c. 434), said: "The judgment was not corrected after the *remittitur,* as should have been done, but was allowed to stand for the full amount. For this reason the judgment will be reversed."

We are, therefore, of the opinion that the amount involved is $4,632, and that the Kansas City Court of Appeals has no jurisdiction to hear and determine the cause mentioned, and that the peremptory writ of mandamus should issue, and it is so ordered.

All concur, except *Valliant, J.,* absent.