GUY GREEN, GUARDIAN, RESPONDENT, v. FIRST NATIONAL BANK OF KANSAS CITY, APPELLANT.—163 S. W. (2d) 788.

Kansas City Court of Appeals.   June 15, 1942.

*Ryland, Stinson, Mag & Thomson, Paul R. Stinson* and *Dick H. Woods* for appellant.

*Clay C. Rogers* and *Price Wickersham* for respondent.

CAVE, J.—This cause was tried to a jury in the Circuit Court of Jackson County, resulting in a verdict for the defendant. Plaintiff filed a motion for new trial which was sustained by the court, and from such order the defendant perfected its appeal. We are immediately confronted with the question of whether the trial court sustained the motion for new trial generally and without assigning of record any specific ground or grounds for sustaining it, as required by Section 1169, Revised Statutes 1939; or whether the court did properly assign of record the specific ground or grounds for sustaining said motion.

The record discloses that the verdict of the jury was returned on October 15, 1941, and during the September Term of the court; the

1260

motion for new trial was filed within four days thereafter and was continued until the November Term of that court. On the 6th day of December, 1941, and at the November Term, the bill of exceptions discloses the following proceedings:

"And afterwards, on the 6th day of December, 1941, the same being the 22nd day of the regular November Term, 1941, of said Court, the said plaintiff's motion for a new trial was taken up and submitted to the Court, and having been by the Court seen and heard, and duly considered, was by the Court sustained; to which action and ruling of the Court in sustaining said motion, and in granting and allowing to the plaintiff a new trial herein, the defendant then and there duly excepted at the time and still excepts.

"And afterwards, and on said 6th day of December, 1941, the same being the 22nd day of the regular November Term, 1941, of said Court, the following proceedings were had and entered of record, to-wit:

"The Court: The Court is sustaining the motion for new trial in this case for the reason the Court in its opinion believes it should have given the instruction that the bank was guilty of negligence as a matter of law in permitting the last withdrawal, and that the jury should have been instructed that the bank was guilty of negligence as a matter of law in that event, and there should have been put on the bank the burden of showing the disbursement and expenditure for necessities any sum thereafter expended from the funds which the bank permitted to be withdrawn. I think that is plain enough. The last withdrawal being the one for $3621.50 on January 18, 1936.

"Mr. Stinson: Put this down. As I understand Your Honor, Your Honor is not sustaining the motion for new trial on the ground that the verdict is against the weight of the evidence.

"The Court: The Court is doing just what the Court has said it was doing. I am not attempting to deprive either party of any of their rights under any of the other instructions."

The order of the court sustaining the motion for new trial as shown by the record proper is as follows:

"Now on this day plaintiff's motion for a new trial is by the Court sustained and excepted to."

Section 1169, *supra*, among other things, provides:

". . . and every order allowing a new trial shall specify of record the ground or grounds on which said new trial is granted."

Has the court, in this case, complied with that requirement? We think not. The order sustaining the motion did not specify any ground therefor. "The sole repository for the court's reasons or grounds for sustaining a motion for a new trial is the order of the court entered of record upon sustaining the motion. It is made so by express statutory enactment." [Reissman v. Wells, 258 S. W. 43, 45; Hayward v. Ham, 59 S. W. (2d) 725, 732.] We do not consider

the statement or opinion delivered by the learned judge *ore tenus,* when granting the new trial and preserved in the bill of exceptions as being a part of his order entered of record sustaining such motion, "his ultimate decision must be conclusively presumed to be embodied in his order entered of record sustaining the motion." [Reissman v. Wells, *supra*; Hayward v. Ham, *supra*; Lindsay v. Shaner, 291 Mo. 297, 301.]

The defendant directs our attention to the case of Smith v. Public Service Company, 328 Mo. 979, but a reading of that opinion discloses it is not authority for the matter we now have under consideration. Concerning the matter now confronting us, the Supreme Court said, l. c. 994:

"On appeal from an order sustaining a motion for new trial, *where the grounds upon which the trial court sustained it are stated in the order as required by statute and as was done here,* appellant has the burden of showing that the grounds stated do not justify the order." (Italics ours.)

Such language clearly supports the conclusion we have reached herein, that the grounds must be stated in the order and not otherwise. We are not unmindful of, and have not overlooked, that line of decisions which hold in substance that any statement made by the trial judge *ore tenus* or in a memorandum filed by him when granting a new trial may be considered as throwing some light upon the view the trial court took of the case during the progress of the trial (Hays v. Hogan, 273 Mo. 1, and Manthey v. Kellerman Contracting Co., 311 Mo. 147); but such cases do not hold that any such statement made or memorandum filed at the time of granting the motion for new trial may be substituted for a record entry showing the ground or grounds on which the new trial is granted, as required by Section 1169, *supra.*

Having concluded on the record before us that the trial court sustained the motion for new trial without assigning of record any ground therefor, we are immediately confronted with the principle which has been announced by our Supreme Court many times, in this language:

"When the trial court fails to specify the ground on which it sustained the motion for a new trial and one of the grounds assigned therein is that the verdict is against the weight of the evidence, the appellate court will presume that the trial court sustained the motion on that ground." [Riche v. City of St. Joseph, 326 Mo. 691, 695, and cases there cited.]

Plaintiff's motion for new trial contained eleven grounds, one of which was "the verdict of the jury is against the evidence and against the weight of the evidence." Under the state of the record in this case, as we construe it, we conclude that the opinion of the Supreme Court in the case of Riche v. City of St. Joseph, *supra,* which is the last pronouncement of that court on this subject we have been able to find, is conclusive on us. The effect of the holding in that case

is that where the trial court does not specify of record the ground or grounds on which the new trial is granted, the appellate court must affirm such order if the action of the trial court can be sustained upon any grounds set forth in the motion, if any of such grounds assigned therein are sufficient; that the trial court has a right to grant one new trial to each party on the ground alone that the verdict is against the weight of the evidence, and indulging the presumption favoring the correctness of the trial court ruling on a motion for new trial, when no specific ground is assigned of record, the appellate court will presume that the trial court sustained the motion on the ground that the verdict was against the weight of the evidence, and will not interfere unless it conclusively appears that no verdict in favor of the party whose motion for new trial was sustained could ever be allowed to stand. [See also Harris v. McQuay, 242 S. W. 1011.] With such principles in mind, we examine the evidence sufficiently to determine whether a verdict in favor of the plaintiff in this case could ever be allowed to stand; if so, the court did not commit error in sustaining the motion; but if the verdict for the plaintiff could not be allowed to stand, then the trial court has unjustly and arbitrarily exercised its discretion in granting a new trial.

Briefly stated, the facts giving rise to this controversy are:

In 1932, Mrs. Wade Neel opened a savings account with the defendant by depositing therein a certain amount of money; by September 20, 1935, the account amounted to the sum of $4223.50. In the spring of 1935, Mrs. Neel suffered a paralytic stroke and her right side and right hand and arm were paralyzed so that she could not write. On September 21, 1935, E. G. Neel, the son of Mrs. Wade Neel, appeared at defendant bank with the pass book of Mrs. Neel, and stated to the officers that she had suffered a paralytic stroke and was unable to come to the bank, was bedridden, and in need of funds, and that his mother wanted him to arrange with the bank for him to be a co-depositor on her account. One of the officers of the bank gave to the son a joint account agreement, which was to be signed by his mother, by her mark, and to be witnessed by two people. In due time this joint account agreement was returned to the bank by the son and he withdrew from the account on that date the sum of $423.50, and on November 25, 1935, withdrew $200, and on January 18, 1936, withdrew the balance, which was $3621.50, and surrendered the savings account book to the bank and the account was closed. In 1939, Mrs. Neel was declared to be a person of unsound mind and a guardian and curator was appointed, who, immediately thereafter, filed this suit. There was evidence to the effect that Mrs. Neel had been of unsound mind since the paralytic stroke in the spring of 1935 and did not have sufficient mental capacity to authorize the withdrawal of the funds from the bank. The defendant bank contended that it had no knowledge of such condition and that it acted

in good faith, and without negligence on its part in paying out the money. The evidence on the issues made by the pleadings covers some four hundred pages and we will not undertake to detail it here because it is unnecessary, and defendant does not contend that plaintiff did not make a submissible case; suffice it to say that the evidence is conflicting, and that there is substantial evidence to support a verdict for the plaintiff, and such being the situation, we must hold that the trial court did not commit error in sustaining the motion for new trial.

The trial court has a right to grant one new trial to each party on the ground alone that the verdict is against the weight of the evidence, and since this was the first trial of the case, it was within the discretion of the trial court to grant plaintiff a new trial on the ground that the verdict is against the weight of the evidence. [Riche v. City of St. Joseph, *supra*; King v. Mann, 315 Mo. 318.]

Since the briefs filed herein primarily discuss the question of the propriety of the trial court in sustaining the motion for new trial, we will not discuss other errors charged in the motion for new trial, because the attorneys have not been given an opportunity to fully brief and present such questions, and such matters may not arise on a retrial.

Trial courts should give the grounds for sustaining a motion for new trial as required by the statute, but if they do not do so, such failure does not render the order void, and the appellate court must decide the question presented by the record, and not what might have been presented.

It follows that the order of the circuit court granting a new trial is affirmed. All concur.

## On Motion for Rehearing.

CAVE, J.—In its motion for rehearing, the defendant contends that we have misconstrued the record in holding that the trial court did not assign in its order any specific ground for sustaining plaintiff's motion for new trial. It is defendant's position that the statement of the court, which is set out in full in our original opinion herein, was intended and considered by the trial court to be a part of the order sustaining the motion, and again directs our attention to the statement of the court which appears in the bill of exceptions and in its abstract of the record. Among other things, defendant's abstract of the record proper, after reciting the verdict and judgment and the filing of the motion for new trial, states:

"Thereafter, and to-wit, on the 6th day of December, 1941, the same being during the regular November Term, 1941, of said Court, the plaintiff's motion for a new trial was taken up and submitted to the Court and by the Court sustained and a new trial granted, to

which action and ruling of the Court in sustaining said motion and in granting and allowing to the plaintiff a new trial, the defendant then and there duly excepted at the time and still excepts. The order and judgment sustaining the plaintiff's motion and granting a new trial is, in words and figures, as follows:

" 'Now on this day plaintiff's motion for a new trial is by the Court sustained and excepted to.'

"And at the same time and on the same day, and on said 6th day of December, 1941, and during the regular November Term, 1941, of said Court, the following. proceedings were had and the following order of the Court entered of record as a part of and in connection with the order sustaining plaintiff's motion for a new trial and in granting to the plaintiff a new trial."

Then follows the statement of the court and the attorneys, which is set out in full in our original opinion and will not be again copied.

We held in our original opinion, and see no reason to change our view, that the statement of the court and the attorneys was not a part of the order sustaining the motion for new trial, but was an oral statement by the court of the reasons for its action. It must be kept in mind that the decisions excepted to and appealed from is *the order granting a new trial,* and it is the correctness of that ruling, and not the reason for it, that the appellate court is called upon to review. [State ex rel. v. Thomas, 245 Mo. 65, l. c. 75; Cole v. St. Louis-San Francisco Ry. Co., 332 Mo. 999, l. c. 1010.]

The order made by the court sustaining the motion for new trial as shown by the abstract of the record, and we might add, by the original transcript filed in this court, is:

"Now on this day plaintiff's motion for a new trial is by the Court sustained and excepted to."

It is our conclusion that the oral justification or reason given by the court for making the order sustaining the motion is not a part of the order, and including it as a part of what is designated as the *record proper* does not make it a part of such order. As was said by the court in Reissman v. Wells, *supra,* "His (the trial court's) ultimate decision must be conclusively presumed to be embodied in his order entered of record sustaining the motion." To the same effect is the holding in Missouri, K. & T. Ry. Co. v. Holschlag, 144 Mo. 253, l. c. 257; Hewitt v. Steele, 118 Mo. 463, l. c. 472; and Lindsay v. Shaner, 291 Mo. 297, l. c. 301.

After again reviewing the record and briefs in this case, we see no reason to alter the conclusions reached in the original opinion herein. Such conclusions are supported by the following cases in addition to those heretofore referred to: Vitagraph, Inc., v. Cantwell, 60 S. W. (2d) 683; Leavel v. Johnston, 209 Mo. App. 197, 232 S. W. 1064. It follows that defendant's motion for rehearing must be and is hereby overruled. All concur.