RUTH DODD, Administratrix of the Estate of JAMES C. DODD, Deceased, Appellant, v. MISSOURI-KANSAS-TEXAS RAILROAD COMPANY, a Corporation.—No. 39622.—193 S. W. (2d) 905.

Division Two, April 8, 1946.

Respondent's Motion for Rehearing or to Transfer to Banc Overruled, April 30, 1946.

Appellant's Motion to Modify Opinion Overruled, April 30, 1946.

*Charles A. Calvird, Crouch & Crouch, Cowgill & Popham* and *Sam Mandell* for appellant.

*Haysler A. Poague* and *Carl S. Hoffman* for respondent.

WESTHUES, C.—Plaintiff, Ruth Dodd, obtained a verdict in the sum of $20,000 against the defendant railroad company for the death of her husband. The action was brought under the Federal Employers' Liability Act. The trial court sustained defendant's motion for a new trial when plaintiff refused to enter a remittitur in the sum of $7,500. From the order sustaining the motion plaintiff appealed to this court.

This is the second appeal. The first trial resulted in a verdict for plaintiff in the sum of $18,000. The trial court refused to grant a new trial and the railroad appealed. This court reversed and remanded the case solely on the ground that plaintiff's counsel had made inflammatory remarks in the argument to the jury. See Dodd v. Missouri-Kansas-Texas R. Co., 353 Mo. 799, 184 S. W. (2d) 454. For

a full statement of the case reference is made to the opinion on the first appeal. For the purpose of this opinion it will be sufficient to state only a brief account of how Dodd met his death. Dodd was a signal maintainer and his duties required him to travel over defendant's tracks by motorcar. On July 20, 1942, he left Windsor, Missouri, going south. A short time thereafter a freight train, traveling at a speed of about forty to forty-five miles per hour, also going south, struck Dodd's motorcar and he received injuries which resulted in almost instant death. Plaintiff, Dodd's widow, in her petition charged negligence under the humanitarian doctrine and the case was submitted to a jury on that theory.

The sole question for review on this appeal is the action of the trial court in granting a new trial upon plaintiff's refusal to enter a remittitur as ordered by the trial court. The railroad briefed two points to sustain that ruling. The first point is:

"The trial court had the right to conclude that the amount of the verdict exceeded the income expectancy of deceased and for that reason alone to grant a new trial."

The second contention is stated as follows:

"The disregard by the jury of instruction No. 10 requiring a reduction of recovery proportionate to contributory negligence justified the granting of a new trial on plaintiff's refusal to remit."

 This court has authority to review the question presented and may sustain, modify, or reverse the action of the trial court with directions to enter such judgment as this court is of the opinion ought to be entered. See Cole v. St. Louis-San Francisco R. Co., 332 Mo. 999, 61 S. W. (2d) 344, l. c. 348 (10) ; Henderson v. Cape Trading Co., 316 Mo. 384, 289 S. W. 332, l. c. 337 (13). Note that in the Cole case this court en banc overruled a ruling made in the case of Gaty v. United Rys. of St. Louis, 286 Mo. 503, 227 S. W. 1041, where this court held the question was not reviewable. The opinion in the Cole case did not mention Grzeskoviak v. Union Electric Light and Power Co., 299 Mo. 116, 252 S. W. 364, l. c. 365 (1, 3), but in effect overruled that case which had followed the ruling in the Gaty case. The opinion in the Cole case is in harmony with the provisions of the new code. See sec. 140 (c), Laws of Missouri, 1943, page 395.

 Before considering the question on its merits we desire to state that we approach the subject with the following general principles of law in mind, one of which is well stated in 5 C. J. S., sec. 1626, as follows:

"Although the discretion is a legal one which is subject to review or reversal for clear abuse or arbitrary exercise, if no abuse of discretion is shown the action of the trial court in granting or refusing a new trial or in setting aside or refusing to set aside a verdict on the

ground that the damages are inadequate or excessive will not be reviewed. This rule applies where the action of the court is made to depend conditionally on the remitting of a portion of the award."

The question of the amount of damages in cases of this nature is primarily for a jury. Courts should not interfere unless a verdict is grossly excessive or inadequate. 25 C. J. S., page 910, sec. 196, also page 1267, sec. 116. In considering the question of whether a verdict is excessive a court must take into consideration the plaintiff's evidence in its most favorable light to plaintiff. This for the reason that a jury has weighed the evidence and found in plaintiff's favor. Clark v. Atchison & Eastern Bridge Co., 333 Mo. 721, 62 S. W. (2d) 1079, l. c. 1083 (14); Brunk v. Hamilton-Brown Shoe Co., 334 Mo. 517, 66 S. W. (2d) 903, l. c. 911; Frese v. Wells, 40 S. W. (2d) 652, l. c. 655 (6); Bush v. Kansas City Public Service Co., 350 Mo. 876, 169 S. W. (2d) 331, l. c. 335 (8-10); Peterson v. Kansas City, 324 Mo. 454, 23 S. W. (2d) 1045, l. c. 1049 (11).

Turning to the merits of the case, with the above rules in mind, we find from the record that the deceased was sixty-five years of age and had been employed by the defendant railroad for thirty-one years. He was an able-bodied man, strong and in good health. He was a trusted employee and his duties were designated as those of a signal maintainer. He received $231.00 per month as compensation. It was in evidence that sometime after his death the pay for this position was increased to $251.00 per month. Defendant introduced evidence showing that deceased was eligible to retire at a salary of about $90.00 per month. Plaintiff, deceased's wife, was forty-seven years of age and entirely dependent upon him for support. She testified that the deceased spent practically all of his earnings for living expenses at home; that in addition thereto deceased worked about the home; that he always had a large garden and made necessary repairs about the house from time to time. The defendant insists that plaintiff's damages must be measured by the present cash value of the future benefits which she might expect to receive. In considering that question many factors must be taken into account. In 25 C. J. S., page 1247, we note the following:

"The loss of decedent's prospective earnings is an important element of damage, although not necessarily the only one, and in estimating the probable earnings or the prospective benefits of which the beneficiary has been deprived the jury should take into consideration such factors as decedent's age, health, ability, disposition to labor, prospects of advancement, and his habits of living and expenditure."

The evidence in this case justifies the assertion that all of these factors were favorable to plaintiff's cause. Deceased's health, ability to work, disposition to labor and his habits of life were all very good and there was a prospect of increased pay. In addition to that we have

the verdict of two juries. The first assessed plaintiff's damages at $18,000 and the second at $20,000. The first was reversed by this court because of improper argument, but the trial court had permitted that verdict to stand, evidently being of the opinion at that time that $18,000 was not excessive. In determining the question on appeal the previous verdict may be considered. 25 C. J. S. 914. The record does not disclose any occurrence during the second trial which would have induced a jury to assess damages on any other than legitimate basis.

The defendant cited a number of cases in support of the theory that the verdict is grossly excessive. Brief reference to these will be made. It will be noted that in Midwest Nat. Bank & Trust Co. v. Davis, 288 Mo. 563, 233 S. W. 406, a verdict of $32,000 was reduced by remittitur to $15,000. This court in determining the question considered the limitation of $10,000 allowed in death cases by a statute of this state. See 233 S. W. 406, l. c. 412 and dissenting opinion. The statute of this state limiting the amount of recovery in death cases has no force and should not be considered in cases under the federal act. This court has not considered the maximum allowed by our state law in any case under the federal act for many years. The above comment is also applicable to the case of Burtch v. Wabash R. Co., 236 S. W. 338, l. c. 343. Pulliam v. Wheelock, 319 Mo. 139, 3 S. W. (2d) 374, is a personal injury case where a verdict of $50,000 was obtained. This court ordered a remittitur of $20,000. The case is no authority on the question before us because it was a personal injury case. The same is true of Frese v. Wells, 40 S. W. (2d) 652, where this court ordered a remittitur of $7,500. The verdict was for $30,000. However, in each of the latter two cases the judgments were ordered for a sum in excess of $20,000. We will now refer briefly to a few cases where verdicts near the $20,000 mark have been permitted to stand in death cases. In Mooney v. Terminal R. Ass'n. of St. Louis, 353 Mo. 1080, 186 S. W. (2d) 450, l. c. 455, a verdict of $35,000 was allowed for the death of a switchman, age thirty, whose earning capacity was not in excess of $180.00 per month. In O'Donnell v. Baltimore & O. R. Co., 324 Mo. 1097, 26 S. W. (2d) 929, l. c. 936, a verdict of $22,000 was reduced by the remittitur route by action of the trial court to $19,500. This court sustained the judgment for that amount. In Potterfield v. Terminal R. Ass'n. of St. Louis, 319 Mo. 619, 5 S. W. (2d) 447, l. c. 452, a judgment for $22,750 was affirmed. In Oglesby v. St. Louis-San Francisco R. Co., 318 Mo. 79, l. c. 98, 1 S. W. (2d) 172, l. c. 180, a verdict for $25,000 was upheld. In Kidd v. Chicago, R. I. & P. R. Co., 310 Mo. 1, l. c. 46, 274 S. W. 1079, l. c. 1094, a judgment for $25,000 was allowed. Other cases could be cited. Most of the above cases, it will be noted, were cited in the O'Donnell opinion. In that opinion this court said:

"There is no way of reducing the matter to a mathematical certainty; too many variable factors enter into it."

Respondent in its brief has used a mathematical method to demonstrate that the verdict of $20,000 was grossly excessive. In addition thereto respondent has not considered the evidence in its most favorable light to plaintiff. For example: Defendant assumes that in less than five years the deceased would have retired and his income then would have been $90.00 per month. No theory is advanced as to why a man in good health, even though seventy years of age, could earn nothing in addition to a pension of $90.00 per month. Considering the case from every angle and in the light of the rulings in the above cases we are constrained to hold that the record does not justify a holding that the verdict was such as would authorize a court, exercising reasonable discretion, to order a remittitur.

Respondent's other point, that the jury disregarded the instruction of the court authorizing a reduction in the amount of damages because of the negligence of the deceased is without merit. That was a jury question and the evidence justified a finding that the negligence of the defendant was the proximate cause of the collision. This court is not authorized to weigh the evidence. We have given the case careful consideration, having in mind that the result reached means that we are holding that the trial court abused its discretion in requiring a remittitur as a condition to the overruling of defendant's motion for a new trial. The cause is therefore remanded to the trial court and that court is directed to set aside its order granting a new trial and also the order requiring a remittitur, and to reinstate the verdict of the jury and enter judgment thereon in the sum of $20,000 as of the date of this mandate. *Bohling* and *Barrett, CC.,* concur.

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. All the judges concur.