HILDA STEUERNAGEL v. ST. LOUIS PUBLIC SERVICE COMPANY, a Corporation, Appellant.—No. 40584.—211 S. W. (2d) 696.

Court en Banc, April 12, 1948.

Rehearing Denied, May 27, 1948.

*Mattingly, Berthold, Jones & Richards* and *Douglas H. Jones* for appellant.

*Louis E. Miller, Miller & Landau* and *B. Sherman Landau* for respondent.

[696] TIPTON, J.—The respondent recovered a judgment of $6,000.00 for personal injuries she received while riding as a guest in an automobile driven by James L. Perrin when the automobile was struck in the rear by a streetcar operated by the appellant. The St. Louis Court of Appeals reversed and remanded the judgment of the trial court for the reason that respondent's recovery instruction was not based upon substantial evidence. For a complete statement of facts, see that court's opinion reported in 202 S. W. 2d 516. This court ordered the case transferred for our review.

The case was submitted by respondent's instruction No. 1, which reads as follows:

"The court instructs the jury that if you find and believe from the evidence that on the occasion shown in the evidence that plaintiff was a passenger in an automobile being operated westwardly over and along Highway No. 40 in St. Louis County, Missouri, and that while it was so traveling along said highway, said automobile was struck in the rear by the westbound Woodson streetcar mentioned in the evidence, and that plaintiff was injured directly thereby;

"And if you further find that immediately prior to said collision the defendant saw, or by the exercise of ordinary care on its part could have seen, said automobile proceeding along said highway, in time thereafter with the means and appliances at hand and with safety to the operator and passengers on said streetcar, to have slackened the speed of said streetcar, and could thus and thereby have avoided running into the rear end of said automobile, but that the defendant failed so to do, and that failure on its part was negligence, if you so [697] find, then your verdict will be in favor of the plaintiff and against the defendant."

Appellant contends in its brief that this "instruction directing a verdict in plaintiff's [respondent's] favor for failure to slacken speed was not supported by any proof. It left the jury to speculation and conjecture. It was error to so instruct."

The evidence in this case briefly is that the collision occurred at a point approximately 7700 west on St. Charles Rock Road in St. Louis County at about 10:30 P. M. St. Charles Rock Road is a four-lane highway and is also known as U. S. Highway No. 40. Appellant's streetcar tracks are laid in a private right-of-way to the north of the pavement from Wellston west to a point near the point of the collision where the tracks turn to the left upon the highway and then continue on the highway westwardly, with the outer rail some 18 inches in from the edge of the pavement.

The respondent testified that Perrin was driving his automobile westwardly on this highway at a speed of some 18 or 20 miles an hour. He had gone some 15 or 20 feet beyond where the streetcar tracks curve over upon the highway when a westbound streetcar suddenly ran into the rear of the automobile, knocking the automobile forward about 70 feet where it came to a standstill about 20 to 25 feet beyond the point where the front of the streetcar was brought to a stop. Respondent's evidence was to the effect that the automobile was moving at about 18 to 20 miles an hour at the time of the collision and was not parked on the streetcar tracks, as appellant contended. Her evidence also showed that neither she nor Perrin was aware that the streetcar was following them.

On the other hand, the appellant's evidence tended to show that the streetcar came off of the private right-of-way at a speed of about 20 miles an hour. As the streetcar straightened out after making the turn and the headlight was shining directly down the tracks to the west, the motorman observed the automobile parked on the tracks at the edge of the pavement, about 60 feet ahead. The motorman testified that he knew he would be unable to stop his car in the regular manner in less than 100 feet so he locked the wheels by throwing the car in reverse, but the car ran into the automobile and then continued forward an additional 15 or 20 feet after the impact occurred.

■ "Many cases decided by this court impliedly hold that a situation of imminent peril is the basic fact of the humanitarian doctrine; that no duty whatever arises under that doctrine, unless and until a situation of peril comes into existence; and that when such peril arises the doctrine seizes upon the situation as it then exists and requires the one operating the dangerous instrumentality to exercise ordinary care in certain respects—to make timely discovery of the peril, if it was his duty to be on the lookout, and thereafter to avoid the infliction of the threatened injury, if he can do so with the means at hand and without jeopardizing the safety of himself and others. See Banks v. Morris & Co., 302 Mo, 254, 257 S. W. 482; State ex

rel. Vulgamott v. Trimble, 300 Mo. 92, 253 S. W. 1014.'' State ex rel. Fleming et al. v. Bland et al., Judges, 322 Mo. 565, 15 S. W. 2d 798, l. c. 800-801.

██ Assuming that the motorman saw the automobile for several hundred feet while the streetcar was upon the private right-of-way, he was under no obligation to slacken the speed of the streetcar because the respondent was not then in a position of peril. This was a four-lane highway. The automobile could have continued its westerly course without driving in the outside lane where the tracks were laid. No duty arose on the part of the motorman until respondent reached a position of peril. That peril arose only when it appeared that the automobile was going to be driven upon the tracks in the highway in front of the approaching streetcar at a slower rate of speed than that of the streetcar. In other words, the speed of the streetcar had to have been such that it would overtake the automobile. State ex rel. Fleming v. Bland, supra; Robb v. St. Louis Public Service Co., 352 Mo. 566, 178 S. W. 2d 443.

██ In the case at bar, there was no evidence whatever of the time and space [698] that would have been required for the speed of the streetcar to have been slackened to a speed not in excess of that at which the automobile was traveling. The respondent cannot claim any benefit of any of appellant's evidence which contradicts her own testimony and is at war with her own theory of the case. Meese v. Thompson, 344 Mo. 777, 129 S. W. 2d 847. The evidence tending to support the theory of respondent's case fails to show the speed of the streetcar, but it does show that it crashed into the automobile only 15 or 20 feet beyond the point at which the automobile had come upon the tracks. It showed that the automobile was completely demolished by the force of the impact and that the violence of the collision was such as to push the automobile forward upgrade about 70 feet. When the automobile came to a standstill it was about 20 to 25 feet beyond the front of the streetcar after it had stopped.

There is absolutely no evidence of the time that must be allowed for the motorman to have comprehended the danger, for his muscles to have responded to his will, for the brakes to have taken hold and for the speed of the streetcar to have been reduced to such a degree as would have prevented it from overtaking the automobile moving ahead of it at a speed of 18 or 20 miles an hour.

Our conclusion on this record is that it is merely a matter of speculation and conjecture as to whether or not possible slackening of speed by the streetcar after the automobile in which respondent was riding came into a position of peril could have prevented the streetcar from running into the rear of the automobile. Kick v. Franklin, 342 Mo. 715, 117 S. W. 2d 284; Meese v. Thompson, supra; Wolverton v. Kurn, 348 Mo. 908, 156 S. W. 2d 638; Robb v. St. Louis

Public Service Co., supra; Flint v. Chicago, Burlington & Quincy Railroad, a Corporation, No. 40,282, 357 Mo. 215, 207 S. W. (2d) 474.

This is not a case of "almost escaping" so that a slight slackening of speed would have allowed the car to clear the tracks. Under these circumstances no evidence of slackening is necessary. See Gann v. C., R. I. & P. R. Co., 319 Mo. 214, 6 S. W. 2d 39; State ex rel. Weddle v. Trimble, 331 Mo. 1, 52 S. W. 2d 864; Smith v. Thompson, 346 Mo. 502, 142 S. W. 2d 70.

Other assignments of error in all probability will not appear upon a retrial of this case.

From what we have said, it is error to have given respondent's instruction No. 1, and the judgment of the trial court should be reversed and the cause remanded. It is so ordered. All concur.