HILDA I. STEUERNAGEL, Appellant, v. ST. LOUIS PUBLIC SERVICE COMPANY, a Corporation, Respondent, No. 41628—238 S. W. (2d) 426.

Court en Banc, March 12, 1951.

Rehearing Denied, April 9, 1951.

*Louis E. Miller, Miller & Landau* and *B. Sherman Landau* for appellant.

*Mattingly, Boas & Richards* and *Lloyd E. Boas* for respondent.

*Daniel P. Reardon, John H. Martin* and *Moser, Marsalek, Carpenter, Cleary & Carter* for Robinson Construction Company amicus curiae.

*Frey & Korngold* and *Karol A. Korngold* for Joseph E. Latta and Claudia D. Latta, Co-partners, doing business as J. E. Latta Construction Company, amici curiae.

[427] HYDE, C. J.—Action for damages for personal injuries. Plaintiff had judgment for $10,000.00, on March 17, 1949. Defendant filed motion for new trial on March 23, 1949. On June 20, 1949, the Court ordered a remittitur of $5,000.00 within 10 days, as a condition for overruling the motion. Plaintiff did not remit; the 90 day period

ended June 21, 1949 and nine days later, on July 1, 1949, the Court made an order sustaining defendant's motion for new trial. Plaintiff has appealed from this order. Plaintiff now contends that the judgment in her favor for $10,000.00 became final 90 days after March 23, 1949, under Sec. 510.360, R. S. 1949 and our Rule 3.24, and that the order granting the new trial is void. This is the sole question [428] raised and it has not heretofore been decided.

Defendant did not perfect an appeal so no question on the merits is raised. The facts of the case appear from opinions on the former appeals herein. (Steuernagel v. St. Louis Public Service Co., Mo. App., 202 S. W. (2d) 516 and Steuernagel v. St. Louis Public Service Co., 357 Mo. 904, 211 S. W. (2d) 696.) The order of June 20, 1949 was, as follows: ''The court having seen and examined, and duly considered the defendant's motion for a new trial, heretofore filed and submitted herein, and being sufficiently advised thereof, doth order that said motion will be overruled if plaintiff will within 10 days from this date remit the sum of $5,000.00 from the verdict and judgment heretofore entered in her favor, otherwise said motion will be sustained upon the ground that the verdict is excessive.'' The order of July 1, 1949 was as follows: ''It appearing to the satisfaction of the Court that the plaintiff has failed to comply with the Order of Court, heretofore made and entered herein on the 20th day of June, 1949, directing plaintiff to remit the sum of $5,000.00 from the judgment heretofore rendered in her favor, it is now ordered by the Court upon motion of defendant that said motion of defendant for a new trial, be and the same is hereby sustained upon the ground that the verdict is excessive; thereupon, it is ordered by the Court that the verdict and judgment heretofore rendered herein on the 17th day of March, 1949, in favor of the plaintiff and against the defendant for the sum of $10,000.00 be set aside, vacated and for naught held, and that this cause be reinstated upon the docket of this Court for further proceedings.''

Section 510.360, R. S. 1949 provides: ''If the motion for new trial is not passed on within 90 days after the motion is filed, it is deemed denied for all purposes.'' It is also provided by Sec. 506.060, R. S. 1949, 2(2), that the Court ''may not enlarge the period for filing a motion for or granting a new trial.'' Plaintiff's argument is: ''On Monday, June 20, 1949, the eighty-ninth day after defendant's motion was filed, the court issued a declaration that it would overrule defendant's motion if plaintiff would enter a remittitur within ten days, but upon plaintiff's failure to make such remittitur the motion would be sustained. That statement by the court was no more than an announcement of the court's view at that time—it was not conclusive on the court or the parties. The court could during the intervening period modify its views or change them completely. It

was an attempt by the trial court to enlarge the period for granting a new trial, an act specifically forbidden by statute.''

However, we do not think this is the correct construction of the Court's order; but, on the contrary, we think the Court actually did pass on the motion for new trial within 90 days within the meaning of Sec. 510.360. We agree that the words ''passed on'' mean ''determined'' and that to pass on the motion the Court had to decide what was to be done with the motion and to definitely so state in its order. Nevertheless, our remittitur practice has always permitted the Court to make such an order in the alternative when the sole ground for granting a new trial is an excessive verdict. Therefore, we do not think that Sec. 510.360 cuts down the time, in which the motion must be passed on, to less than 90 days when the Court decides to order a remittitur. This remittitur practice is not and never was based on any statute but comes from the common law and the inherent power of the Court to set aside a verdict, so excessive as to shock the conscience of the Court, and thus to prevent a miscarriage of justice. (See Johnson v. Robertson, 1 Mo. 615; Cook v. Globe Printing Co., 227 Mo. 471, l. c. 542, 127 S. W. 332; 39 Am. Jur. 147-157; Sec's. 140-149, p. 204, Sec. 210; 66 C. J. S. 517, Sec. 209; 53 A. L. R. 779, annotation to Campbell v. Sutliff, (Wis.) 214 N. W. 374.) In the Campbell case, the Supreme Court of Wisconsin said: ''The power of the court to set aside verdicts and to grant new trials on the ground that the jury had erred in assessing damages was firmly established before the formation of the United States. * * * [429] Early in the history of English procedure this right was exercised through the attaint of the jury whose verdict was questioned. This practice prevailed down to the time when the memorable decision of Chief Justice Vaughan in Bushnell's Case, Vaughan, 135, 6 How. St. Tr. 999, put an end to the barbarous and excessive punishment that had been imposed upon jurors whose verdicts were attainted. In place of the attaint as a means of correcting erroneous verdicts came the practice of setting aside verdicts because of the misconduct of jurors, which was gradually extended to include the power to set aside verdicts when the only misconduct consisted of rendering verdicts contrary to the law or to the evidence in the case. This power was fully established as early as the eighteenth century.''

In Schilling v. Speck, 26 Mo. 489, this Court held that (after remittitur in the trial court to prevent sustaining a motion for new trial) ''it was the duty of the plaintiff to have seen that the judgment was properly entered, and for a sum not greater than he was entitled to.'' Nevertheless, it was held, since this was not done, that ''judgment * * * will be reversed, and judgment will be rendered in this Court for the amount the plaintiff was entitled to after the remittitur.'' In State ex rel. Missouri Pacific Ry. Co. v. Broaddus, 212 Mo. 685, 111 S. W. 508, this Court further considered the effect

of making a remittitur and held "that the entry of the remittitur, without more, did not set aside or nullify the judgment of the circuit court, nor amount to the rendition and entry of a new judgment for the sum of the verdict, less the amount of the remittitur." The remittitur was considered to be, in effect, "a record credit thereon for the amount of the remittitur." We followed this ruling in Gray v. Doe Runlead Co., 331 Mo. 481, 53 S. W. (2d) 877; See also Barrett v. Stoddard County, Mo. App., 183 S. W. 644, l. c. 648. Thus the entry after remittitur is a correction of the judgment originally entered and not actually a new judgment. The appealable judgment is the original judgment (as corrected of course) but still the appeal is from the original judgment, that is from what remains of it. We cannot believe that the new code intended to make any change in our long established remittitur practice. The serious question under our new code is: when does the judgment become final and appealable?

We think the trial court's order of June 20, 1949, must be construed as having the effect of *then* granting defendant a new trial on the ground of excessive verdict with the option to plaintiff to retain part of the judgment by remittitur of the excessive part. In view of our long established remittitur practice, we do not think this order can be held to be "no more than an announcement of the court's view at that time" which left the Court free to "modify its views or change them completely." On the contrary, we view it as a complete and final order, and certainly after the 90 day period had elapsed it was irrevocable. (See Krummel v. Hintz, Mo. App., 222 S. W. (2d) 574.) True, it was in the alternative but if there is to be any remittitur practice at all, the order must always be in the alternative. Therefore, we cannot hold that the motion was not passed on and determined within the 90 day period, merely because the Court granted plaintiff time beyond that period to decide which alternative she would take. The order did definitely state the result that would accrue from the acceptance of either alternative, and thus to that extent it was unconditional. All that remained to be done was an entry to show which result had happened after plaintiff made the choice. We do not think this is enlarging the period for granting a new trial and we so hold. Plaintiff suggests if the Court could give 10 days it could give a year. However, an unreasonable time would be an abuse of discretion which an appellate court could declare void.

■ This brings us to the further question of when the judgment becomes final for purposes of appeal. Of course, it would not make sense to require an appeal before it is known which alternative the plaintiff accepts, and we do not think the code requires any such construction. It will be noted that, while Sec. 510.360 provides an automatic overruling of the motion [430] if it "is not passed on within 90 days", Sec. 510.340 R. S. 1949 provides: "If a timely motion is filed the judgment is not final until *disposition* of the motion." Of course, in the ordinary case the determination of the motion and

its disposition are concurrent. However, we think this difference in language is significant in the light of our long established remittitur practice which requires an alternative order and time for plaintiff to make a choice. In that situation, the motion cannot be "disposed of" when it is "passed on." Therefore, we think it is reasonable to hold, when the ground is excessive verdict, that the motion is "passed on" when the order is made stating the alternative choices to be given the plaintiff and the results to be reached from either choice; but that the "disposition of the motion", making the judgment final, is completed by the expiration of the period granted to plaintiff in which to make his choice. This finality of the judgment does not depend upon any further entry reciting the result that automatically follows at the expiration of this period. Of course, such an entry should be made immediately to complete the record but when such entry is made it only evidences what actually occurred and, if made later, relates back to the time of its actual occurrence, as is true of the original entry of the judgment on the verdict under Sec. 510.340. Even under the old code, we held there was a valid appeal in State ex rel. Missouri Pacific v. Broaddus, supra, though "no new judgment was entered after the filing of said remittitur." (See also Gray v. Doe Runlead Co., supra, where the situation was the same.)

As we said in Lieffring v. Birt, 356 Mo. 1092, 204 S. W. (2d) 935: "A judgment is the judicial act of the court and its entry upon the record is the ministerial act of the clerk (30 Am. Jur., p. 824, Sec. 10), and in legal contemplation, under Sec. 116, the judgment is rendered upon the verdict when the verdict is returned, and its validity is not affected by the delay of the clerk in entering it on the court record, or by an omission altogether to record it in pursuance of statutory direction. A judgment derives its force from the judicial act of the court in its rendition and not from the ministerial act of the clerk in entering it upon the record. 30 Am. Jur. p. 856, Sec. 71." Plaintiff's notice of appeal, which was filed on July 6, 1949, was therefore timely.

The order granting a new trial is affirmed and the cause remanded. *Hollingsworth, Dalton, Tipton* and *Conkling, JJ.,* concur; *Leedy* and *Ellison, JJ.,* dissent.

## On Motion for Rehearing or to Modify Opinion.

HYDE, C. J.—█ Plaintiff's motion for rehearing raises again the same questions decided by our opinion as to the construction of Section 510.360, R. S. 1949, and its application to remittitur practice, and it is overruled. However, plaintiff asks for a modification of the opinion to make final disposition of this case, saying only the issue of the amount of damages remains and this has been briefed by both parties, citing Section 140(c) of the Code, Section 512.160(3), R. S. 1949 and Dodd v. Missouri-Kansas-Texas R. Co., 354 Mo. 1205, 193 S.

W. (2d) 905. (See also Cole v. St. Louis-S. F. R. Co., 332 Mo. 999, 61 S. W. (2d) 344; Atlantic Nat. Bank v. St. Louis Union Trust Co., 357 Mo. 770, 211 S. W. (2d) 2, Nelson v. Kansas City, 360 Mo. 143, 227 S.. W. (2d) 672.) Under these cases, we have authority to direct the judgment that should be entered, even though the trial court ordered a new trial; and this case has been in the courts for some time. (See Steuernagel v. St. Louis Public Service Co., Mo. App., 202 S. W. (2d) 516; 357 Mo. 904, 211 S. W. (2d) 696.) Since plaintiff by the motion to modify, requests such a final disposition now, indicating she does not desire a new trial, and since defendant has not contended in its brief that there is any ground other than excessive verdict which would sustain the granting of a new trial, we will pass on the issue of damages and give directions for a final disposition of this case.

Plaintiff contends that we must consider only the evidence most favorable [431] to her in determining the amount of damages that can be sustained. This view finds some support in one statement in Dodd v. Missouri-Kansas-Texas R. Co., supra, cited by plaintiff, but it is not the rule to be applied in determining the propriety of the trial court's action in granting a new trial upon any ground (such as excessiveness of verdict) involving the trial court's power to weigh the evidence. The Dodd case (in which the situation on appeal was the same as in this case) stated, in the first part of the opinion, the rule applicable to appellate courts. (193 S. W. (2d), l. c. 907: "In considering the question of whether a verdict is excessive a court must take into consideration the plaintiff's evidence in its most favorable light to plaintiff.") The cases cited in support of this statement were all cases in which the trial court had found the verdict not excessive and had refused to order a remittitur. The difference of the situation in the trial court was not specifically noted therein; but the actual ruling was "that the record does not justify a holding that the verdict was such as would authorize a court, exercising reasonable discretion, to order a remittitur." (See also Nix v. Gulf M. & O. R. Co., No. 41980, Div. No. 1, decided concurrently herewith.) Thus it would seem that this Court in the Dodd case actually applied the "abuse of discretion" rule applicable to the trial court, instead of the rule applicable to appellate courts, previously stated in the opinion.

The rule applicable here is that when a trial court grants a new trial on the ground of excessiveness (or inadequacy), it is equivalent to granting a new trial on the ground that the verdict is against the weight of the evidence. (Murphy v. Kroger Grocery & Baking Co., 350 Mo. 1186, 171 S. W. (2d) 610, 611; Sofian v. Douglas, 324 Mo. 258, 23 S. W. (2d) 126, 129; Coats v. News Corporation, 355 Mo. 778, 197 S. W. (2d) 958; Lang v. St. Louis Public Service Co., (Mo. App.), 204 S. W. (2d) 504, 506; O'Shea v. Pattison-McGrath Dental

Supplies, 352 Mo. 855, 180 S. W. (2d) 19, 23; Widener v. St. Louis Public Service Co., 360 Mo. 761, 230 S. W. (2d) 698; Mitchell v. Pla-Mor, Inc., 361 Mo. 946, 237 S. W. (2d) 189.) The trial court is allowed a wide discretion in granting a motion for a new trial and this is particularly so where the court has ruled the motion upon the amount of the verdict and, thus, upon the weight of the evidence. (O'Shea v. Pattison-McGrath Dental Supplies, supra; Lang v. St. Louis Public Service Co., supra; Mitchell v. Pla-Mor, Inc., supra; Moss v. May Department Stores Co., (Mo. App.), 31 S. W. (2d) 566, 567; Reichmuth v. Adler, 348 Mo. 812, 155 S. W. (2d) 181, 182; DeMaire v. Thompson, 359 Mo. 457, 222 S. W. (2d) 93, 97.) In considering the size of the verdict herein, the trial court had the right to weigh the evidence. To do so, the trial court could take into consideration all of the evidence pertaining to plaintiff's injuries and physical condition and not merely plaintiff's evidence which was most favorable. The trial court had the right to consider and weigh the conflicting evidence offered by defendant and to evaluate all of the evidence in the light of the trial court's opportunity to see, hear and observe plaintiff and the various witnesses who testified. This is an important function of the trial court. We could not properly determine the propriety of the trial court's action by applying a different rule or test—by considering only plaintiff's evidence in its light most favorable to her. While an appellate court should not undertake to weigh the evidence on the issue of plaintiff's damages, it should examine the record to determine whether there is substantial evidence supporting the view that plaintiff's injuries were less serious and disabling than claimed by plaintiff, or that some of her physical infirmities did not result from the accident she suffered. (Riche v. City of St. Joseph, 326 Mo. 691, 32 S. W. (2d) 578, 579; King v. Kansas City Life Ins. Co., 350 Mo. 75, 164 S. W. (2d) 458, 464; Albert H. Hoppe, Inc. v. St. Louis Public Service Co., (Mo. App.), 227 S. W. (2d) 499, 503; Green v. First National Bank of Kansas City, 236 Mo. App. 1257, 163 S. W. (2d) 788, 791.) If the evidence viewed in the light most favorable to upholding the ruling of the trial court, does afford reasonable and substantial support for the trial court's order of remittitur, [432] then there could be no abuse of discretion and the trial court's action must be sustained.

After a careful consideration of the evidence in this case, we find that there was a reasonable and substantial basis for the action of the trial court in fixing the amount for which he would enter judgment for plaintiff in this case. Plaintiff had no broken bones and no bone injury. She was thrown around in the car by the collision and got a bump on the head and a bruise on her left knee. However, these soon healed. Her most serious injury was to her right hip (buttock) which resulted in a permanent injury to one of the gluteal muscles. Some of the fibres of the gluteus maximus were ruptured

and this area was filled in with scar tissue, leaving a depression about 3 inches in width and about 8 inches in length, and from one-half to three-quarters of an inch deep, which is sensitive and has caused pain ever since whenever plaintiff lifts anything or goes up or down steps. It also pains her in sitting or lying on that side and causes pain in her back. She has also had irregular and longer menstruation periods ever since her injury with excessive flow and dizzy spells. The medical evidence was that this could have been caused from shock from the violent injury and that this could produce a nervous condition which might cause it to continue indefinitely.

However, the injury to plaintiff's hip did not cause any limitation of movement of her leg (although her activity was affected by pain from it) and the medical evidence was that it was disfiguring but not disabling. Plaintiff was not employed at the time of the collision (October 13, 1945) but went to work for the International Shoe Company, January 8, 1946, doing office work; and worked there until she was married in November 1947. She had a child born the next year and the medical evidence was that the birth canal was found normal in an examination before the last trial herein in March 1949. She did not walk with any limp; and there was evidence that her menstrual condition would be relieved if her nervousness could be cured, and that it was not due to any organic cause. We think there was a reasonable basis for the trial court's finding of $5000.00 as a sufficient amount of damages and this is also supported by the view of the jury in the first trial, which found a verdict for $6000.00. (See also Arno v. St. Louis Public Service Co., 356 Mo. 584, 202 S. W. (2d) 787; McGarvey v. City of St. Louis, 358 Mo. 940, 218 S. W. (2d) 542; Kulengowski v. Withington, Mo. App., 222 S. W. (2d) 579; Hamilton v. Patton Creamery Co., 359 Mo. 526, 222 S. W. (2d) 713; Harvey v. Gardner, 359 Mo. 730, 223 S. W. (2d) 428.) We cannot hold that there was any abuse of discretion by the trial court.

Our affirmance of the order granting a new trial is set aside and the cause is remanded with directions to set aside the order granting a new trial and to allow plaintiff to file a remittitur of $5000.00 as of the date of the original judgment, within a time to be fixed by the trial court, and thereupon to enter judgment for plaintiff for $5000.00; or if such remittitur is not made to order a new trial on the ground that the verdict is excessive. All concur.