DR. JOHN C. WICKER, Appellant, v. KNOX GLASS ASSOCIATES, INC., a Corporation, and GENERAL GROCER COMPANY, a Corporation, Respondents, No. 42196—242 S. W. (2d) 566.

Division One, July 9, 1951.

Motion for Rehearing or to Transfer to Banc or to Modify Opinion Overruled, September 10, 1951.

Motion to Transfer Motion to Modify Opinion to Banc Overruled, October 10, 1951.

*N. Murry Edwards* and *Ninian M. Edwards* for appellant.

*George A. Hodgman* and *William J. McCluggage* for respondent Knox Glass Associates, Inc.

*Chapman & Chapman* for respondent General Grocer Company.

COIL, C.—This is an action for damages for personal injuries. Trial resulted in a verdict for $15,750 against respondent Knox Glass Associates, Inc., a corporation, hereinafter referred to as defendant Knox, and a verdict in favor of respondent General Grocer Company, a corporation, hereinafter referred to as defendant General Grocer. Appellant will be referred to as plaintiff. The verdicts were returned and judgment entered thereon on April 26, 1950. On May 3, 1950 plaintiff filed a motion for new trial as to defendant General Grocer, and on May 5, 1950 defendant Knox filed its motion to set aside the judgment for plaintiff and to enter judgment for defendant Knox in accordance with its motion for directed verdict or, in the alternative, for a new trial. On July 3, 1950 the trial court overruled plaintiff's motion for new trial as to defendant General Grocer, and also on July 3, 1950 made this order: "If the plaintiff will within ten days enter a remittitur in the sum of $3,750.00 from the verdict and judgment of $15,750.00, heretofore entered herein on the 26th day of April, 1950, thereby reducing said verdict and judgment to $12,000.00, motion of defendant Knox Glass Associates, Inc., a corporation, filed herein will be overruled; otherwise, judgment will be set aside on ground #13 of defendant's motion as being excessive."

Plaintiff failed to enter the remittitur as specified.

On July 13, 1950 plaintiff filed separate notices of appeal, one from the judgment entered on April 26, 1950 in favor of defendant General Grocer and the other from the order of the court heretofore set forth, and on July 22, 1950 filed a separate notice of appeal from the order of July 3.

On August 3, 1950 the following order was made by the trial court: "Defendant Knox Glass Associates, Inc., Motion for New Trial Sustained. Nunc pro tunc order. Plaintiff having failed to comply with order of remittitur of July 3, 1950, defendant Knox Glass Associates, Inc., a corporation, motion for a new trial is sustained on ground 13 of said defendant's motion. Judgment of April 26th, 1950, set aside and vacated and for naught held. Nunc pro tunc as of July 14th, 1950. Cause reinstated upon docket." And on August 7, 1950 the following order was made by the trial court:

618

"On August 7, 1950, the Court (Judge Ivan Holt sitting in Division No. 6) on its own motion amends its nunc pro tunc order of August 3, 1950, by adding the words 'as being excessive' following the word 'motion' in line 5 thereof, so that said line reads: 'dant's motion as being excessive.' "

██ Plaintiff contends that the order of July 3, 1950 is "ambiguous, illegal and beyond the jurisdiction and power of the trial court" and that the judgment for plaintiff in the original amount entered is an unappealed final judgment; plaintiff also contends that if the order of July 3 properly sustained the motion of defendant Knox for a new trial, then the trial court abused its discretion in requiring a remittitur as a condition to overruling the motion of defendant Knox for new trial.

In the recent case of Steuernagel v. St. Louis Public Service Co., 361 Mo. 1066, 238 S. W. (2d) 426, we held that where, within the prescribed ninety-day period, the trial court orders a remittitur within a specified time as a condition to overruling a motion for new trial and the remittitur is not made as specified, the order becomes final and appealable at the expiration of the time specified for remittitur, and that the new trial is granted as of the date when the conditional order was entered. Thus, in this case, if the order of July 3, 1950 was a proper alternative order sustaining the motion of defendant Knox for a new trial, the case is properly here on plaintiff's appeal of July 22, 1950 (within ten days after the order became appealable) from the order of the trial court of July 3, 1950 sustaining the motion of defendant Knox for a new trial.

Plaintiff's contention in the final analysis is that the order of July 3, 1950 is subject to various interpretations and therefore void. This contention is based upon the view that it cannot be determined from the language of the order whether the trial court sustained the motion of defendant Knox to set aside the judgment for plaintiff and enter judgment for defendant Knox, or sustained the motion of defendant Knox for a new trial. We think this contention is without merit. While the order of July 3, 1950 is perhaps not a model of clarity and completeness, nevertheless, there can be no question whatever of the meaning and effect of that order. It clearly recites that the motion of defendant Knox will be overruled if a remittitur is entered within ten days and otherwise the "judgment will be set aside on ground #13 of defendant's motion as being excessive." Assignment No. 13 in the alternative motion of defendant Knox was "because the verdict is high, unreasonable, excessive and unconscionable." It is true that the order of July 3 does not say that if remittitur is not made the motion of defendant Knox for a *new trial* will be sustained. It is also true that the order does not, in so many words, overrule the motion of defendant Knox to set aside judgment for plaintiff and to enter judgment for defendant Knox.

The fact that the order refers to Ground No. 13 of the motion, excessiveness of verdict, demonstrates that the court was acting upon an assignment pertaining to new trial as opposed to any assignment in the motion to set aside judgment for plaintiff and enter judgment for defendant. This, for the obvious reason that excessiveness of verdict could, under no circumstances, be a ground for entering judgment for defendant. We further think that the order reasonably construed effectively overruled the alternative motion of defendant Knox to set aside the judgment for plaintiff and enter judgment for defendant. Be that as it may, however, the alternative motion of defendant Knox to set aside judgment for plaintiff and enter judgment for defendant was automatically overruled at the time the motion for new trial was determined. Supreme Court Rule 3.24 provides in part: "Any authorized after-trial motion not passed on at the time the motion for new trial is determined shall be deemed overruled as of the same date." The order as to defendant Knox became appealable upon the expiration of the ten-day period granted plaintiff to make his choice as to remittitur. Steuernagel v. St. Louis Public Service Co., supra. Thus plaintiff's appeal on July 22, 1950 (within ten days after the expiration of the ten-day period for remittitur) was a timely and proper appeal from the order of the court sustaining the motion of defendant Knox for new trial. The subsequent orders made by the trial court on August 3 and August 7, 1950, respectively, were simply entries completing the record as to what had occurred and related back to the time of the occurrence. These subsequent orders need not be considered as their only purpose was to complete the record in the trial court. Steuernagel v. St. Louis Public Service Co., supra.

 Plaintiff further contends that the trial court abused its discretion in ordering a remittitur as a condition to overruling the motion of defendant Knox for new trial. In determining the propriety of the action of the trial court in granting a new trial on the ground of excessiveness of verdict, we view the evidence in the light most favorable to affirming the action of the trial court, and if the evidence viewed in such light "does afford reasonable and substantial support for the trial court's order of remittitur, then there could be no abuse of discretion and the trial court's action must be sustained." Steuernagel v. St. Louis Public Service Co., supra (238 S. W. (2d) 431, 432). The trial court has a broad discretion in granting a motion for new trial, particularly where the motion is ruled on the ground of excessiveness which is in effect the same as though the court had granted a new trial on the ground that the verdict is against the weight of the evidence. Steuernagel v. St. Louis Public Service Co., supra, and cases cited at page 431 of that opinion (238 S. W. (2d)).

Upon a full consideration of the evidence, we do find reasonable and substantial support for the order of the trial court requiring a remittitur and in granting a new trial upon plaintiff's failure to remit as specified.

Plaintiff, a practicing dentist, 55 years of age, sustained a deep cut on his right hand, 2" or 2½" in length, while engaged in an attempt to remove the lid from a glass jar of coffee. The laceration was closed by seven sutures, and the hand immobilized. The wound was dressed from time to time, and physiotherapy treatments administered from November, 1947 until February, 1948 to prevent stiffness. There remains a 2" permanent scar across the heel of the hand and a numbness at the tip of, and extending along the outer side of, the right thumb. Plaintiff regained full muscular use of the hand; can bend it in either direction and rotate it inwardly and outwardly. His sole remaining disability is in being unable to lift small objects with his right thumb and forefinger, making it necessary in his dental practice to place instruments and other small objects in his right hand by use of his left hand. Plaintiff can use dental instruments in his right hand without difficulty except that his right hand tires more quickly than formerly and plaintiff can't work as rapidly as before. Plaintiff has suffered pain in his right hand from the time of the accident to the time of the trial. The burden of plaintiff's contention is that the evidence shows such great actual loss of income to plaintiff that any reduction in the amount of the verdict amounts to a failure by the trial court to allow any substantial or appropriate sum for pain and suffering and for future loss of earnings. The trial court could reasonably believe, however, upon weighing the evidence, that the testimony of plaintiff concerning loss of income was uncertain and generally unsatisfactory. Plaintiff testified that he was away from his dental practice for a period of three months during which time his son, a dentist, took care of the practice within the ability of the son to do so. No evidence was adduced as to what financial arrangement, if any, existed between plaintiff and his son, but the trial court could reasonably believe that some income was forthcoming to plaintiff by virtue of the son carrying on the practice. Plaintiff testified that he lost $2500 in the three months he was away; that he was earning ⅓ less after the accident than before; that he has earned $500 to $600 per month since the injury as compared to $700 to $900 per month prior to the injury; that the only accurate estimate of loss of income would be a comparison of his income tax returns which he said were available but which were not produced in evidence; that his gross income was $700 per month at the time of the injury and that his expenses averaged 40 per cent of his gross income. The trial court, in weighing this evidence, could reasonably conclude that plaintiff's net income before the injury was 60 per cent

of $700 and since his return to practice 60 per cent of $600, or a difference of $60 per month, and that the total loss of income to the time of trial (not taking into consideration what may have been received as a result of his son's taking care of the practice) was between $3,000 and $3,500 rather than $9,200 as plaintiff's calculations in his brief indicate. Further, the trial court could reasonably believe. that any future loss of earnings would not necessarily continue at the same rate as of the time of trial but would constantly decrease as plaintiff became more proficient in his manipulation of instruments, despite the continued numbness of parts of his right thumb. The evidence was that plaintiff's total medical expenses amounted to $175.

Plaintiff calls attention to no case involving a comparable injury with similar expense and loss of earnings; and the cases cited by plaintiff are so obviously not comparable, in that the injuries appearing are so much more serious and so different, that any discussion of these cases would be to no avail. Furthermore, as heretofore noted, we are not determining here whether, under a construction of the evidence in the light most favorable to plaintiff, the verdict returned by the jury was or was not excessive, but we are determining whether, under all the evidence, the trial court could, in the exercise of its discretion, reasonably require a remittitur as a condition to overruling the motion of defendant Knox for new trial. We think it is apparent from what we have said that there was a reasonable basis for the action of the trial court, and that such action involved no abuse of discretion.

Defendant Knox contends that the trial court erred in giving Instruction No. 2 on the measure of damages, and that he should have been granted a new trial on this ground. Inasmuch as this case will be retried, we shall refer briefly to Instruction No. 2 for the guidance of counsel. The first criticism is that there is not sufficient credible evidence in the case to justify a submission of loss of professional earnings as an element of damages and, as we understand, that if there is any evidence of loss of earnings, it is too vague and indefinite to justify any award by the jury. We have heretofore reviewed plaintiff's testimony as to loss of earnings. We have said that such evidence was subject to various conclusions. There is, however, considerable testimony in the record of loss of earnings on the part of plaintiff. The difficulty comes in attempting to determine from all of plaintiff's testimony on the subject just what plaintiff's actual loss was. Plaintiff at one place in the record testified that he lost $2500 in the three months he was away from his practice. In another place, he testified that his income was $700 to $900 per month before the accident and $500 to $600 per month since his return to practice. He further testified that the $700 per month was gross income and that his expenses were 40 per cent of

gross. He also testified that he had earned ⅓ less since his return than before. All of this testimony leaves it somewhat indefinite as to what plaintiff's actual loss of earnings amounted to up to the time of trial. The third paragraph of Instruction No. 2 permits the jury to consider, in fixing plaintiff's damages, whatever loss of earnings the jury believed plaintiff had sustained "not to exceed $700 for any one month's earnings." Assuming that under the most favorable view of the evidence from plaintiff's standpoint the jury could find that plaintiff, while away from his practice, lost earnings amounting to as much as $700 per month, nevertheless, under no view of the evidence, was plaintiff's loss of earnings as much as $700 per month for any months other than the three months during which plaintiff was away from his practice. The instruction does not clearly limit the maximum recovery of $700 a month to the three months plaintiff was away from his practice.

On another trial, the testimony undoubtedly will clarify the question of what plaintiff's actual loss of earnings was in the three months during which he was away from his practice, and what his loss ▆▆▆ of earnings amounted to from the time of his return to practice until the time of trial, and if the damage instruction specifies loss of earnings as an allowable item of damage, it should, of course, limit the recovery of loss of earnings to the amounts shown by the evidence.

▆ Defendant Knox further contends that paragraph 4 of Instruction No. 2 is improper in that it amounts to a comment on the evidence and gives undue prominence to the items of physical pain and mental anguish.

Paragraph 4 of Instruction No. 2 is: "While the evidence may not prove any specific sum in dollars and cents, the plaintiff may have been damaged by reason of physical pain and mental anguish, you may allow him what you believe to be just and fair to compensate him for such sufferings, if any." This is the only part of the instruction which deals with the matter of the allowance of damages for physical pain and mental anguish. The language used does not in any way comment upon any evidence in the case, nor does it, in our opinion, give undue prominence to these items of allowable damages as compared to other items of allowable damages mentioned in other parts of the instruction. Instructions containing similar language have been approved by this court. Jost v. American Car & Foundry Co. (Mo. Sup.), 246 S. W. 340, 342; Rodney v. St. Louis Southwestern Ry. Co., 127 Mo. 676, 685-6, 690-1, 28 S. W. 887. We find no error in the instruction by reason of paragraph 4 thereof.

▆ As heretofore noted, plaintiff filed a notice of appeal from a verdict and judgment thereon rendered and entered in favor of defendant General Grocer and against plaintiff. Although it is not urged by defendant General Grocer, we must dismiss the ap-

peal as to this defendant as it is premature. There was no final judgment in this case from which an appeal could be taken. The order of the trial court sustaining the motion of defendant Knox for new trial prevented the entry of a final appealable judgment in the case. Where, as here, one claim is asserted against two defendants jointly, a final judgment is a single judgment disposing of all issues as to all parties. Sec. 511.020 R. S. Mo. 1949. Appeals, being purely statutory, are permitted only in those instances provided for in the statute. Sec. 512.020 R. S. Mo. 1949 provides for appeals from certain specified orders, from interlocutory judgments in certain cases, and from any *final* judgment in the case. This section also provides: "* * * but a failure to appeal from any action or decision of the court before final judgment shall not prejudice the right of the party so failing to have the action of the trial court reviewed on an appeal taken from the final judgment in the case." This cause remains pending and undisposed of as between plaintiff and defendant Knox. The appeal as to defendant General Grocer is therefore premature. Cox v. Frank L. Schaab Stove and Furniture Co., 332 Mo. 492, 58 S. W. (2d) 700; Stephens v. D. M. Oberman Mfg. Co., 334 Mo. 1078, 70 S. W. (2d) 899; State ex rel. Thompson v. Terte, 357 Mo. 229, 207 S. W. (2d) 487; Webster v. Sterling Finance Co. (Mo. Sup.), 165 S. W. (2d) 688; Hanover Fire Ins. Co. v. Commercial Standard Ins. Co. (Mo. Sup.), 215 S. W. (2d) 444; S. S. Kresge Co. v. Shankman (Mo. App.), 194 S. W. (2d) 716; Thompson v. Dye (Mo. App.), 211 S. W. (2d) 939; Lieffring v. Birt (Mo. App.), 211 S. W. (2d) 100.

The purported appeal as to respondent General Grocer is dismissed as premature, and the order of the trial court granting respondent Knox a new trial is affirmed. *Von Osdol* and *Lozier, CC.,* concur.

PER CURIAM:—The foregoing opinion by Coil, C., is adopted as the opinion of the court. All the judges concur.