William H. HEGWEIN,
Plaintiff-Appellant,

v.

SHELL OIL COMPANY,
Defendant-Respondent.

No. 39961.

Missouri Court of Appeals,
Eastern District,
Division Two.

Jan. 22, 1980.

Motion for Rehearing or Transfer to Supreme Court Denied March 14, 1980.

Application to Transfer Denied
May 1, 1980.

W. W. Sleater, M. C. Sleater, Sleater & Sleater, Clayton, for plaintiff-appellant.

David Wells, Dan H. Ball, Thompson & Mitchell, St. Louis, for defendant-respondent.

STEPHAN, Presiding Judge.

Plaintiff-appellant William Hegwein brought suit against defendant-respondent Shell Oil Company for invasion of privacy and trespass on his business property, a gasoline station. After numerous and time consuming delays in responding to defendant's efforts at pretrial discovery, which we do not detail here, defendant filed supplementary interrogatories and a request for production of documents. When no response to these discovery efforts was forthcoming, defendant filed a motion to dismiss. In response to that motion, the trial court entered an order stating that unless plaintiff answered the interrogatories and produced the available documents within ten days, defendant's motion to dismiss would be sustained. Sixteen days later, on September 9, 1977, plaintiff having failed to comply with the order, the trial court dismissed the petition with prejudice. On September 21, plaintiff filed a motion to set aside the dismissal order. On that same date, the trial court entered its order, as follows:

"Plaintiff's Motion to Set Aside Order of Sept. 9, 1977 filed, presented, argued and submitted.

Court indicates it will deny said motion and same will be denied 10 days from date, unless plaintiff applies for any Writ he may seek."

Plaintiff thereafter, on September 30, applied to this court for a writ of prohibition, which was denied on October 4. Plaintiff's notice of appeal (of the trial court's dismissal of his petition) was filed on December 21, 1977. Because we find, on the basis of the above facts, that that notice was not timely

filed, we need not further discuss plaintiff's petition or appeal, and we herein dismiss that appeal.

Plaintiff, of course, had ten days from the date on which the appealed ruling became final to file a timely notice of appeal. Rule 81.04. Plaintiff filed his motion to set aside on September 21. The court ruled on that same date that the motion was to be denied ten days hence "unless plaintiff applies for any Writ he may seek." It is plaintiff's contention that execution of the court's order was stayed by his application for a writ of prohibition; that the order by its terms made no provision for disposition of plaintiff's motion under the circumstances which subsequently occurred in this case, i. e., plaintiff's seeking but being denied a writ; that his motion to set aside was therefore not deemed denied until the expiration of a period of ninety days after it was filed, Rule 81.05(a)[1]; and that his notice of appeal, filed within ten days of that date of expiration, was therefore timely. Defendant, on the other hand, argues that the court's order became final on October 4, when this court denied plaintiff's application for the writ (inasmuch as that date was beyond the ten days which the trial court had granted plaintiff to seek the writ).

We cannot accept plaintiff's reading of the court's order of September 21. In certain situations, court orders execution of which hinges on some specified future action by one of the parties have been held to be complete and self-executing; i. e., they take effect or are stayed, without further action by the issuing court, either at the time of performance by that party or at the expiration of the time granted in the order for that performance. It has been so held in the situation in which the court denies a defendant's motion for new trial conditional upon plaintiff's acquiescence in a remittitur [see, e. g., *Jenkins v. Roberts,* 420 S.W.2d 24, 26 (Mo.App.1967); *Wicker v. Knox Glass Associates, Inc.,* 362 Mo. 614, 242 S.W.2d 566, 568 (Mo.1951); *Steuernagel v. St. Louis Public Service Co.,* 361 Mo. 1066, 238 S.W.2d 426, 430 (Mo. banc 1951)]; and in the situation in which the court dismisses plaintiff's petition for failure to state a claim yet grants him additional time to file an amended petition [see, e. g., *Welch v. City of Blue Springs,* 526 S.W.2d 379, 380–381 (Mo.App.1975); *Hunt v. Dallmeyer,* 517 S.W.2d 720, 723 (Mo.App.1974)].

In this case, the order denying plaintiff's motion was to take effect October 1 if plaintiff did not apply for a writ before that time; if he did so apply, execution of the order was to be suspended pending disposition of the application. Plaintiff contends that that stay of execution remained in effect even after his petition for the writ was denied and that the order therefore never took effect. Though the court's order could have been more precisely worded, we believe it clear what the court meant therein and we believe plaintiff's stated interpretation of the order to be, under the circumstances, unreasonable. There could have been no more reason for the court to have intended permanently to suspend execution of the order should plaintiff seek and be denied a writ than should plaintiff not seek a writ in the first place. The rationale for such a stay of the order is absent in either case. The court will be presumed to have acted reasonably. We therefore believe it clear that the trial court intended that its order was to be suspended only upon the *successful* application for a writ and the disposition of the preliminary writ in a manner favorable to the plaintiff. No one could reasonably have been misled by the trial court's order of September 21: it was simply a reaffirmation of its earlier order dismissing the cause with prejudice, subject only to the granting by a higher court of a writ preventing the trial court from doing so. A supplementary order entered by the trial court on October 4 after

1. Rule 81.05(a) provides in part: "In the event a motion for a new trial is filed, the judgment becomes final at the expiration of ninety days after the filing of such motion or, if such motion is passed on at an earlier date, then at the date of disposition of said motion. Authorized after-trial motions shall be treated as, and as a part of, a new trial motion for the purpose of ascertaining the time within which an appeal must be taken   .   .   ."

this court denied the application would have added nothing. We accordingly hold that plaintiff's motion to set aside was, in fact, disposed of by the court's order of September 21 effective October 4, rather than the court's failure to pass on it for the ninety-day period. The order became final long before plaintiff filed his notice of appeal on December 21 and the notice was therefore not timely.

Timely filing of notice of appeal is jurisdictional, *Stoddard v. Stoddard*, 549 S.W.2d 354, 356 (Mo.App.1977), *Kuhn v. Bunch*, 529 S.W.2d 200, 201 (Mo.App.1975), and we therefore dismiss the appeal.

It is so ordered.

KELLY and STEWART, JJ., concur.