v.

**Ledale NATHAN, Appellant.**

No. ED 74085.

Missouri Court of Appeals,
Eastern District,
Division One.

June 27, 2000.

**Kathy CASTOR, Appellant,**

v.

**STATE of Missouri, DEPARTMENT OF SOCIAL SERVICES, DIV. OF CHILD SUPPORT ENFORCEMENT and Robert Castor, Respondents.**

No. 22881.

Missouri Court of Appeals,
Southern District,
Division One.

June 29, 2000.

John M. Albright, Moore & Walsh, Poplar Bluff, for appellant.

Bradley S. Hinkle, Dept. of Social Services, Dexter, for respondent Dept. of Social Services.

Richard Whiffen, Sikeston, for respondent Robert Castor.

PARRISH, Judge.

Kathy Castor (mother) appeals a modification judgment ordering her to pay Robert Castor (father) child support in the amount of $490 per month. This court affirms.

The parties' marriage was dissolved May 25, 1993. Father was awarded primary physical custody of their three children whose dates of birth were July 23, 1973, October 6, 1976, and April 2, 1980. Mother had visitation rights "at all reasonable and proper times." The parties had joint legal custody. The dissolution judgment awarded no child support.

### Father's Motion to Modify

Father filed the motion to modify that is the subject of this appeal August 7, 1997. He sought child support for the parties'

youngest child, Jami Lynn Castor, who remained in his custody. He alleged that increases in the respective parties' incomes constituted a continuing and substantial change of circumstance so that failure to provide child support, as theretofore ordered, was unreasonable and failed to comply with child support guidelines. The modification judgment was entered February 17, 1999. The trial court found there had been "a continuing and substantial change of circumstance, making the terms of all prior Order [sic] effecting [sic] payment of child support unreasonable." [1]

### The Administrative Review

On July 10, 1998, the Missouri Division of Child Support Enforcement ("the division") entered an administrative order modifying child support effective June 1, 1998. It ordered mother to pay child support in the amount of $378 per month. The division sought approval of its order by the Circuit Court of Butler County as required by § 454.496.1, .6 and .7.[2]

Mother sought judicial review of the order as permitted by § 454.496.6 by filing a petition for review pursuant to § 536.110.1, RSMo 1994. On October 27, 1998, the trial court entered judgment affirming the division's order and approving its modification of child support. *See* § 536.140.5, RSMo 1994, and § 454.496.6.

### The Appeal

Mother filed a notice of appeal February 24, 1999. The form mother used directed that a copy of the judgment appealed be attached to it. The copy of the judgment that is attached to the notice of appeal is a copy of the February 17, 1999, Judgment and Decree of Modification. The judgment recites that a decree of dissolution was entered May 25, 1993; that it was amended September 17, 1993, "and further modified by an Administrative Order, effective June 1, 1998." It recites that the order that became effective June 1, 1998, required mother to pay child support in the amount of $378 per month. The judgment modifies the child support by increasing it to $490 per month.

Mother presents four points on appeal. The first three points are directed to the trial court's judgment affirming the division's administrative order. The remaining point is directed to the modification judgment.

The division filed a motion to dismiss mother's appeal of the judgment that affirmed its administrative order. The motion asserts that mother did not timely file a notice of appeal with respect to that judgment. The motion was taken with the case. For the reasons that follow, the motion is granted.

Mother argues that the notice of appeal she filed February 24, 1999, after the modification judgment was entered, gives this court jurisdiction to review the judgment that affirmed the division's administrative order. She contends this is so "because an appeal may not be filed until all the issues among all the parties have been disposed and, [she] filed [her] Notice of Appeal after the last of the pending motions was decided and prior to the expiration for the time of the appeal."

Mother's argument fails to recognize that a motion to modify is an independent civil action. *See Hayes v. Hayes,* 363 Mo. 583, 252 S.W.2d 323, 327 (1952); *James v. James,* 853 S.W.2d 425, 431 (Mo. App.1993); *Smith v. Smith,* 435 S.W.2d 684, 688 (Mo.App.1968). It is not a mere adjunct to the dissolution proceeding. *Id.*

---

**1.** A Division of Child Support Enforcement review was pending at the time father filed his motion to modify. The trial court held the motion to modify in abeyance pending completion of the administrative review. The trial court heard evidence on the motion to modify December 18, 1998, after the administrative review had been completed, and took the case under advisement until February 17, 1999, when it entered judgment.

**2.** References to statutes are to RSMo Cum. Supp.1997, unless stated otherwise.

at 688. Nor is it part of an administrative review that is pursued as prescribed by § 454.496.

■ Mother's action for review of the division's administrative order was governed by §§ 536.100 to 536.140, RSMo 1994. Judgment was rendered, pursuant to § 536.140.6, RSMo 1994, affirming the division's administrative order. It was appealable "as in other civil cases." § 536.140.6, RSMo 1994. Mother could have appealed the judgment by filing a notice of appeal within ten days after the judgment became final. Rule 81.04(a).

■ The judgment affirming the division's administrative order was entered October 27, 1998. Rule 74.01(a). It became final November 27, 1998, upon expiration of 30 days after its entry. Rule 81.05(a)(1). In order to appeal, a notice of appeal would have had to be filed not later than December 7, 1998. The only notice of appeal before this court was filed February 24, 1999. In the absence of a timely filed notice of appeal, there is no appellate jurisdiction. *Griffin v. Griffin*, 982 S.W.2d 788 (Mo.App.1998); *In re Marriage of Grigery*, 818 S.W.2d 738, 739 (Mo.App.1991). The division's motion to dismiss the appeal of the judgment affirming the administrative order is well taken.

The only point on appeal that is directed to the modification judgment is Point IV. Point IV contends the trial court erred in modifying child support because there was no evidence of changed circumstances between the date of the administrative hearing that produced the administrative order the trial court approved and the date the trial court granted father's motion to modify.

■ The amount of child support awarded by the administrative order was the presumed amount of child support calculated according to child support guidelines. *See* Rule 88.01; *see also* § 452.340.8. It was $378 per month. The trial court calculated the presumed amount of child support based on evidence pre-

sented at the December 18, 1998, trial of father's motion to modify. It determined that amount to be $490 per month and ordered modification accordingly. The change in the amount of child support, the difference between $490 and $378, or $112, is more than a 20% change of child support from the previous amount, 20% of $378 being $75.60.

Section 452.370.1, RSMo Cum.Supp. 1998, provides:

If the application of the child support guidelines and criteria ... would result in a change of child support from the existing amount by twenty percent or more, a prima facie showing has been made of a change of circumstances so substantial and continuing as to make the present terms unreasonable, if the existing amount was based upon the presumed amount pursuant to the child support guidelines.

Mother presented no evidence to rebut the calculation of presumed child support or the respective incomes or costs attributed to her and father for purposes of its calculation. Point IV is denied.

The appeal of the judgment affirming the division's administrative order is dismissed. The modification judgment is affirmed.

CROW, P.J., and SHRUM, J., concur.