**John COTTER, et al., Appellants,**

v.

**Ronald R. MILLER, Jr., Respondent.**

**No. WD 58501.**

Missouri Court of Appeals,
Western District.

Submitted May 15, 2001.

Decided Sept. 4, 2001.

Walter R. Simpson, Kansas City, for appellant.

Richard F. Moden, Kansas City, for respondent.

Before EDWIN H. SMITH, P.J., JAMES M. SMART, JR., and VICTOR C. HOWARD, JJ.

SMART, Judge.

This is an appeal from a wrongful death action arising out an alcohol related automobile accident that occurred on August 10, 1997, in Kansas City. Appellants John and Renee Cotter are the parents of Josh Cotter, who died as a result of the accident. Respondent Ronald R. Miller, was the driver of the car; Josh Cotter was his passenger. The jury returned a verdict finding Defendant Miller 80% at fault and the plaintiffs' decedent 20% at fault. Subsequently, the trial court granted a motion for new trial or in the alternative for remittitur. The court ruled that a new trial would be granted unless plaintiffs agreed to a reduction of the punitive damages from $2,000,000 to $160,000. The trial court gave appellants fifteen days to decide whether to accept the reduced punitive award. Plaintiffs Cotters filed no response to the trial court's ruling and instead filed a notice of appeal. Finding

that the notice of appeal was not timely filed, we dismiss the appeal for lack of jurisdiction. The case will be returned to the trial court for a new trial on the issue of punitive damages.

### Factual Background

On August 9, 1997, Josh Cotter (decedent) attended a wedding reception and visited a bar and grill with Respondent Miller and two others. When the bar closed, Miller, who was intoxicated, drove. Josh Cotter was a passenger in the car. Heading east on 119th Street, Miller drove in excess of 70 miles per hour where the posted speed limit was 25 miles per hour. After clipping another vehicle in the intersection of State Line Road and 119th Street, Miller lost control of his vehicle and hit a tree. The speed of the vehicle at impact was approximately 76 miles per hour. Josh Cotter was ejected from the rear of the vehicle and was killed.

In December 1999, the wrongful death action was tried before a jury. During closing argument in the punitive damages portion of the case, an issue arose as to the propriety of the argument of plaintiffs' attorney as to Miller's driving record. The trial court indicated that the case was "infected," but the court declined to grant a mistrial.

The jury returned its verdicts of $20,000 actual damages and $2,000,000 in punitive damages. A summary of the subsequent procedural history is as follows:

December 27, 1999: The trial court enters its Judgment

January 7, 2000: Motion for New Trial on the Issue of the Amount of Punitive Damages or Remitter filed by Miller

March 17, 2000: Order granting Motion for Remittitur, or in the Alternative for a New Trial on the Issue of Punitive Damages

April 19, 2000: Notice of Appeal filed.

The Cotters raise two points on appeal, arguing that the trial court erred in its order concerning the punitive damage award. The Cotters contend that the court erred by applying comparative fault to the punitive damages. Second, they contend the court erred in concluding that counsel's argument improperly caused passion or prejudice. At the request of this court, the parties also addressed the issue of the timeliness of the notice of appeal in their briefs.

### Timeliness of Appeal

 The first duty of an appellate court is to determine its own jurisdiction, even if the court is required to raise the issue *sua sponte* if necessary. *See Volume Services, Inc. v. C.F. Murphy & Assocs. Inc.*, 656 S.W.2d 785, 786 (Mo.App.1983). "The timely filing of a notice of appeal is a jurisdictional requirement." *Porter v. Emerson Elec. Co.*, 895 S.W.2d 155, 160 (Mo.App.1995) (citing to *Goldberg v. Mos*, 631 S.W.2d 342, 345 (Mo.1982)). "In the absence of a timely filed notice of appeal, there is no appellate jurisdiction." *Castor v. State, Dept. of Soc. Serv., Div. of Child Support Enforcement*, 20 S.W.3d 603, 606 (Mo.App.2000). If there is no jurisdiction the appeal must be dismissed. *Porter*, 895 S.W.2d at 160. Therefore, as a preliminary matter, we must decide whether the April 19, 2000, notice of appeal was timely filed.

 The trial court entered its judgment on the jury's verdict on December 27, 2000. Miller filed his motion for new trial on punitive damages or remittitur, which is an authorized after trial motion, on January 7, 2000. This filing extended the period of time before the judgment became final:

[T]he timely filing of a motion for new trial or an authorized after-trial motion, not ruled on by the trial court prior to the expiration of the thirty-day period following judgment entry, extends not only the time when a judgment becomes final for purposes of appeal under Rule 81.05(a), but also the time during which the trial court retains jurisdiction to amend under Rule 75.01 . . .

*Koppenaal v. Dir. of Revenue*, 987 S.W.2d 446, 449 (Mo.App.1999) "[I]f the trial court amends [the judgment] pursuant to Rule 75.01, the amended judgment becomes the new judgment for all purposes, Rule 73.01(a)(5), including extending the time within which appellant can file a motion for new trial or an authorized after trial motion under Rule 81.05(a) and the time within which the trial court retains jurisdiction to amend under Rule 75.01." *Id.* at 449–450 Thus, in this case, to ascertain the time within which an appeal may be taken, we look to whether a party timely filed a motion for new trial or an authorized after trial motion.

Rule 81.05 reads as follows:

(a) Finality as Affected by After Trial Motions. For the purpose of ascertaining the time within which an appeal may be taken:

(1) A judgment becomes final at the expiration of thirty days after its entry if no timely authorized after-trial motion is filed.

(2) If a party timely files an authorized after trial motion, the judgment becomes final at the earlier of the following:

(A) Ninety days from the date the last timely motion was filed, on which date all motions not ruled shall be deemed overruled; or

(B) If all motions have been ruled, then the date of ruling of the last motion to be ruled or thirty days after entry of judgment, which ever is later.

If the ruling on March 17, 2000, was an order under Rule 75.01, then the judgment of March 17 became the new judgment for all purposes. *Koppenaal*, 987 S.W.2d at 449. If, however, it was not a ruling under Rule 75.01, but was instead a ruling on a motion for new trial, the December 27, 1999, judgment remains the operative date of judgment for purposes of determining the timeliness of the appeal. The trial court's ruling of March 17, 2000, purports to be a ruling on the motion of Defendant Miller, with an extended discussion of the trial court's rationale for the granting of the motion. On page 6 and 7 of the March 17, 2000, ruling, the trial court states:

There was egregious error and defendant suffered extreme prejudice as a result.

Now confronted with the verdict, the error and with the compounded prejudice to the defendant, the Court must determine an appropriate remedy. . . . Nevertheless, the size of the punitive damage award viewed in the light of the sequence of events and the impermissible inflaming argument offered by plaintiffs' counsel during the punitive damages phase does give the Court great pause and concern. Given the error and the prejudice, the Court finds and concludes that there is a clear basis to grant Defendant a new trial on the issue of punitive damages.

The Court will grant the defendant's motion for remittitur and hereby reduces the amount of the punitive damages award, disregarding any fault on the part of the plaintiffs' decedent to $200,000. The plaintiffs will have 15 days from the date of this order to decide whether to accept a punitive

damage award of $160,000 after the application of fault assessed to plaintiffs' decedent. In the event the plaintiff shall fail to file written acceptance of the court's award within said time, defendant will be granted a new trial on the issue of punitive damages only....

Other than a parenthetical comment (which says "(Revised Judgment)") in the title of the ruling, there is nothing about the ruling which even arguably reflects that the court is amending the judgment pursuant to Rule 75.01. The order purports to rule on the defendant's motion for new trial or remittitur. Accordingly, we conclude that the ruling of March 17, 2000, was not a new judgment for purposes of calculating the timeliness of the notice of appeal.

The trial court's ruling that the Cotters had fifteen days to accept the remittitur means that the judgment became appealable at the conclusion of the fifteen day period. *Wicker v. Knox Glass Assoc.*, 362 Mo. 614, 242 S.W.2d 566, 568 (1951). In *Wicker*, the trial court, on July 3, 1950, entered an order requiring remittitur within ten days as a condition for overruling the motion for new trial. *Wicker*, 242 S.W.2d at 567. The plaintiff filed a notice of appeal on July 22, 1950. The defendant argued that the notice of appeal was not timely filed because it was not filed within ten days of the July 3, 1950, date. The Missouri Supreme Court ruled that the order "became appealable upon the expiration of the ten-day period granted plaintiff to make his choice as to remittitur." *Id.* at 568. Thus, the appellant had ten days after July 13, 1950.

Applying *Wicker* to the present case, the trial court entered its ruling on March 17, 2000, giving the Cotters fifteen days to respond. Therefore the judgment became appealable fifteen days later on April 1, 2000. Under Rule 81.04, the Cotters had ten days from April 1, 2000, to file the notice of appeal. The notice was filed April 19, 2000. This was not a timely filing. Accordingly, we lack jurisdiction of the appeal. The appeal is dismissed, and the case is returned to the trial court for the conduct of a new trial on the issue of punitive damages.[1]

SMITH and HOWARD, JJ., concur.

---

1. The trial court indicated in its order that it intended to apply the percentages of comparative fault to the punitive damages (aggravating circumstances) portion of the case. We know of no authority for the direct applica-

tion to punitive awards of the comparative fault percentages determined in the liability portion of the case. However, the issue is not before us in this case and is not decided because we lack jurisdiction of the appeal.